# EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement is made and entered into as of this 8th day of April, 2016, by and between Plaintiffs Beth Graham and Elizabeth Mendoza (the "Plaintiffs" or "Class Representatives"), individually and as representatives of the Class defined below, and Hyundai Motor America ("HMA") (collectively the "Parties").

WHEREAS, Plaintiff Mendoza filed the proposed nationwide class action lawsuit *Mendoza v. Hyundai Motor Company, Ltd. et al.*, No. 5:15-cv-1685 (N.D. Cal.) on April 14, 2015, and Plaintiff Graham filed the proposed nationwide class action lawsuit *Graham v. Hyundai Motor America, Inc.*, No. 5:15-cv-2071 (N.D. Cal.), on May 7, 2015;

WHEREAS, on June 24, 2015, the Court ordered the two cases consolidated as *In re: Hyundai Sonata Engine Litigation*, No. 5:15-cv-1685 (N.D. Cal.);

WHEREAS, the consolidated litigation arises from Plaintiffs' allegations that certain Hyundai Sonata vehicles were manufactured, marketed, sold, and leased with an engine defect that can cause sudden engine seizure;

WHEREAS, HMA denies Plaintiffs' allegations, denies all liability and culpability, and maintains that it has meritorious defenses;

WHEREAS, following consolidation of the cases, counsel for the Parties met and conferred several times, including with an engineering representative from HMA present, regarding Plaintiffs' allegations, HMA's defenses, and potential resolution of the litigation;

WHEREAS, as part of these discussions, and in the context of a potential classwide resolution, the Parties discussed that HMA planned to conduct a recall of certain of the vehicles at issue, the 2011 and 2012 model year Sonata, under the supervision of the National Highway Traffic Safety Administration;

WHEREAS, the Parties mediated on October 29, 2015, with the assistance of Hon. James P. Kleinberg (Ret.) of JAMS, at which time they reached a settlement in principle to resolve the class allegations, subject only to Hyundai management approval, which was obtained;

WHEREAS, Class Counsel (defined below) have investigated the facts and law relating to Plaintiffs' claims and HMA's defenses, and have concluded that a settlement with HMA according to the terms set forth below is in the best interests of Plaintiffs and the Class;

WHEREAS, despite its denial of any liability or culpability and its belief that it has meritorious defenses to the claims alleged, HMA nevertheless decided to enter into the settlement described herein as a benefit to its customers and to avoid further litigation;

WHEREAS, Plaintiffs have taken and may continue to take reasonable confirmatory discovery to the extent that additional information is reasonably required to support the terms of the Settlement Agreement. Any such discovery shall be subject to limitations negotiated by Class Counsel and HMA's counsel.

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein, and intending to be legally bound, it is agreed by and among the undersigned that this Action be settled, compromised, and judgment entered on the terms and conditions set forth below.

I.    **DEFINITIONS**

    **A.**    **"Action"**

"Action" refers to the consolidated litigation titled *In re: Hyundai Sonata Engine Litigation*, No. 5:15-cv-1685 (N.D. Cal.), inclusive of the underlying cases that were consolidated.

    **B.**    **"Claim"**

A "Claim" is a request for reimbursement under this settlement.

    **C.**    **"Claim Form"**

"Claim Form" refers to a form used to request reimbursement (i.e., make a Claim) under this settlement, substantially in the form attached hereto as Exhibit B.

    **D.**    **"Class"**

"Class" refers to:

*All owners and lessees of a Class Vehicle who purchased or leased the Class Vehicle in the United States, excluding the territories, or abroad while on active military duty.*

Excluded from the Class are all claims for death, personal injury, property damage, and subrogation.  Also excluded from the Class are HMA; any affiliate, parent, or subsidiary of HMA; any entity in which HMA has a controlling interest; any officer, director, or employee of HMA; any successor or assign of HMA; any judge to whom this Action is assigned, his or her

spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons.

**E.     "Class Counsel"**

"Class Counsel" means Eric H. Gibbs and David Stein of Gibbs Law Group LLP and Matthew D. Schelkopf and Joseph G. Sauder of McCuneWright LLP.

**F.     "Class Vehicles"**

"Class Vehicles" refer to all 2011, 2012, 2013, and 2014 model year Hyundai Sonata vehicles factory equipped with a Theta II 2.0 liter or 2.4 liter gasoline direct injection engine, which were purchased or leased in the United States, excluding the territories, or abroad while a Class member was on active military duty.

**G.     "Effective Date"**

"Effective Date" means the first date after the Court enters an order granting final approval of this settlement and entering judgment, and all appellate rights with respect to said order, other than those related to any award of attorneys' fees, costs, or incentive payments, have expired or been exhausted in such a manner as to affirm the order.

**H.     "Long Form Notice"**

"Long Form Notice" refers to the notice to be sent to the Class as detailed below, substantially in the same form as Exhibit A.

**I.     "Notice Date"**

"Notice Date" refers to the date 90 days after the Court enters an order preliminarily approving this settlement.

**J.     "Pamphlet"**

"Pamphlet" refers to the separate, color-printed document that will be provided after the Effective Date, substantially in the same form as attached as Exhibit C.  The Pamphlet shall be designed to be kept with the owner's manual for Class Vehicles.  The Pamphlet shall (i) prominently warn of the risk that Class Vehicles may suffer engine stalling while driving, (ii) list all warning signs known by HMA to potentially precede such an engine seizure or stall, such as engine knocking and illumination of the Class Vehicle's oil lamp; (iii) recommend that any Class member who has not already done so, should promptly present their Class Vehicle to an authorized Hyundai dealership for a free inspection and, if appropriate, repair; and (iv) describe the warranty and reimbursement benefits provided by this settlement.

**K.**   **"Proof of Repair Expense"**

"Proof of Repair Expense" shall be comprised of the original or a copy of any document(s) generated at or around the time expense was incurred for a Qualifying Repair that identifies the Qualifying Repair's nature, date performed, and cost incurred by the Class member for the Qualifying Repair.  For Class members who had the Qualifying Repair performed at a Hyundai dealership, the cost incurred by the Class member for the Qualifying Repair shall be substantiated as set forth in section II.C.2.

**L.**   **"Proof of Repair-Related Expense"**

"Proof of Repair-Related Expense" shall be comprised of the original or a copy of any document(s) generated at or around the time that expense was incurred for a rental car, towing service, or other out-of-pocket expense in direct conjunction with obtaining a Qualifying Repair, and which identifies that the expense was incurred for a rental car and/or towing service, the date the cost was incurred, and the dollar amount.

**M.**   **"Qualifying Repair"**

"Qualifying Repair" refers to any type of repair, replacement, diagnosis, or inspection of the Class Vehicle short block assembly consisting of the engine block, crankshaft and bearings, connecting rods and bearings, and pistons.  For purposes of reimbursement of repairs that occurred before the Class member received notice of this settlement or NHTSA Campaign Number 15V568000, "Qualifying Repair" also includes any other Class Vehicle components, such as the Class Vehicle long block (and the long block's components), battery, or starter, provided that the corresponding Proof of Repair Expense reflects that the work was conducted in an attempt to address engine seizure, engine stall, engine noise, or illumination of the oil lamp, excepting any repairs for which the Proof of Repair Expense reflects that the repairs were plainly unrelated to the engine short block assembly issues (for example, a stall caused by a fuel pump, oxygen sensor, or the electrical system).  Any repairs or replacement of a Class Vehicle oil filter in an attempt to address engine seizure, engine stall, engine noise, or illumination of the oil lamp arising from a short block assembly issue based on TSB No. 12-EM-006 will be presumed to be included within the definition of a Qualifying Repair.  Nothing in this definition shall require HMA to provide repairs caused by a collision involving a Class Vehicle.

### N.    "Releasees"

"Releasees" shall refer jointly and severally, individually and collectively to entities that marketed the Class Vehicles, entities that designed, developed, and/or disseminated advertisements for the Class Vehicles, HMA, Hyundai America Technical Center, Inc. (also doing business as Hyundai-Kia America Technical Center), Hyundai Motor Company, all affiliates of the Hyundai Motor Group, and each of their respective future, present, and former direct and indirect parents, subsidiaries, affiliates, divisions, predecessors, successors, assigns, dealers, distributors, agents, principals, suppliers, vendors, issuers, licensees, and joint ventures, and their respective future, present, and former officers, directors, employees, partners, general partners, limited partners, members, managers, agents, shareholders (in their capacity as shareholders) and legal representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.  As used in this paragraph, "affiliates" means entities controlling, controlled by, or under common control with a Releasee.

### O.    "Releasors"

"Releasors" shall refer jointly and severally, individually and collectively to the Class Representatives, the Class members, and their future, present, and former direct and indirect parents, subsidiaries, affiliates, divisions, predecessors, successors, and assigns, and their respective future, present, and former officers, directors, employees, partners, general partners, limited partners, members, managers, agents, shareholders (in their capacity as shareholders) and legal representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing.  As used in this paragraph, "affiliates" means entities controlling, controlled by or under common control with a Releasor.

## II.    SETTLEMENT CONSIDERATION

In consideration for the settlement, entry of judgment, and dismissal, and for the mutual release provided herein, HMA agrees to provide the following consideration to the Class:

### A.    Warranty Extension For Engine Short Block

1.    Effective on the Notice Date, HMA will extend its Powertrain Warranty to cover the short block assembly, consisting of the engine block, crankshaft and bearings, connecting rods and bearings, and pistons, in Class Vehicles during the 10-year and 120,000-mile period (whichever ends first) following the original sale or lease (first use) of each Class Vehicle (the "Extended Warranty").  For the 90-day period immediately following the Notice Date, however,

all Class Vehicles will be eligible under the Extended Warranty for free inspections and, as needed on a vehicle-by-vehicle basis, short block assembly repairs, irrespective of the Class Vehicles' mileage or duration of ownership.

2.      The Extended Warranty shall cover all costs associated with inspections and repairs including, without limitation, the costs associated with replacement parts, labor, and diagnoses.

3.      Notwithstanding any provision(s) to the contrary in any express warranty provided by HMA in conjunction with the sale or lease of Class Vehicles, the 10-year / 120,000-mile Extended Warranty shall persist in its full duration regardless of any transfer in ownership of a Class Vehicle.

4.      No Class member who presents a Class Vehicle for a Qualifying Repair within the Extended Warranty period (or during the 90-day period following the Notice Date) at an authorized Hyundai dealership shall be denied Extended Warranty coverage on the basis that replacement parts did not become available until after the expiration of the Class member's Extended Warranty (or after the expiration of the 90-day period following the Notice Date).

5.      In conjunction with any Extended Warranty repair, HMA shall, through its authorized Hyundai dealerships, provide a loaner vehicle at no cost if requested.  To the extent no loaner vehicle is reasonably available through HMA's authorized Hyundai dealerships at the time of the request, HMA will provide full reimbursement of reasonable rental car expenses submitted pursuant to section II.D.1.

6.      No Extended Warranty inspections or repairs shall be denied for a Class Vehicle on the grounds that the Qualifying Repair was necessitated by the driver failing to properly service or maintain the vehicle, excepting limited exceptional neglect circumstances.  Upon request, HMA will reasonably promptly furnish a list of all such cases, if any, of exceptional neglect to Class Counsel.  This settlement shall not be construed as obligating HMA or its dealerships to repair engines or provide new engines under the Extended Warranty for otherwise inoperative vehicles (e.g., junkyard vehicles not otherwise roadworthy).

7.      Class members shall not be required to present the Long Form Notice, Pamphlet, Claim Form, or any other settlement-related document in order to receive Extended Warranty inspections or repairs at an authorized Hyundai dealership.

8.      All rights otherwise available to owners and lessees under preexisting warranties

will continue to remain available to Class members notwithstanding the implementation of this settlement.  Nothing in this settlement will be construed as diminishing or otherwise affecting any express or implied warranty, duty, or contractual obligation of HMA in connection with Class Vehicles.

9.      HMA may implement or continue to implement any customer satisfaction or goodwill policy, program, or procedure at its discretion, and may extend goodwill consideration to individual Class members on a case-by-case basis, without regard to their entitlement to relief under the settlement.  No such goodwill decision by HMA, however, shall act to deprive a Class member of the benefits available under the settlement.

10.     Any dispute concerning coverage under the Extended Warranty shall be resolved through a Better Business Bureau ("BBB") administered alternative dispute resolution process.  Class Counsel shall have the right to participate in any such process.  The BBB administered alternative dispute resolution fees and expenses shall be borne by HMA, except for attorneys' fees by Class Counsel or other counsel selected by the Class member (if any).

11.     Any repairs performed pursuant to the Extended Warranty during the notice period shall preclude the Class members who received such repairs from opting out of the Class.

**B.      Recall**

1.      HMA acknowledges that Class Counsel sought relief prior to the NHTSA inquiry, and that the consideration provided in conjunction with its voluntary safety recall of model years 2011 and 2012 Sonata vehicles (relating to the risk of engine failure), NHTSA Campaign Number 15V568000, represents part of the consideration to the Class in exchange for the settlement of this Action.

2.      HMA acknowledges that it has effectuated the recall described in the paragraph immediately above by providing notice to the NHTSA of its intent to conduct the voluntary recall.  HMA further acknowledges that, as required by existing law, it will conduct the voluntary recall in accordance with NHTSA mandates.

**C.      Repair Reimbursements**

1.      To the extent any Class member, before receiving notice of this settlement or (for Class members with 2011 and 2012 model year Class Vehicles only) before mailed notification of NHTSA Campaign Number 15V568000, obtained a Qualifying Repair for a Class Vehicle that, at the time of the repair, was still within the 10-year and 120,000-mile period following its

original sale or lease, the Class member will be entitled to full reimbursement by HMA of any and all such expenses incurred for the Qualifying Repair provided that:

        a.        A Claim is submitted no later than 120 days after the Notice Date;

        b.        The Claim contains a completed Claim Form; and

        c.        The Claim contains a Proof of Repair Expense incurred by the Class member.

2.        For Claims submitted for reimbursement for Qualifying Repairs performed at authorized Hyundai dealerships, HMA shall take all reasonably available steps to acquire from the dealership the information reasonably necessary to approve the Claim—namely, the date, nature, and cost charged for the Qualifying Repair.  In connection with entering into this settlement, HMA acknowledges and represents that it will be able to acquire that information in all or virtually all instances, except for proof that cost for the Qualifying Repair was paid by the Class member.  Class members shall substantiate the cost for the Qualifying Repair that they paid in a manner consistent with the method of payment the Class member used.  Class members who paid for the Qualifying Repair with a credit card shall substantiate the cost for the Qualifying Repair that they paid with a repair receipt from the dealership showing their payment, a credit card receipt from the dealership, or a credit card statement showing a payment to the dealership.  Class members who paid for the Qualifying Repair with a debit card or check shall substantiate the cost for the Qualifying Repair that they paid with a repair receipt from the dealership showing their payment, debit card receipt from the dealership, cleared check showing their payment to the dealership, or a bank statement showing a payment to the dealership.  Class members who paid for the Qualifying Repair with cash shall substantiate the cost for the Qualifying Repair that they paid with a repair receipt from the dealership showing their payment or if they do not have such a repair receipt the Class member shall attest under penalty of perjury that they do not have a repair receipt from the dealership showing their payment and as to the specific dollar amount they paid in cash to the dealership.  In the rare instance in which HMA is not able to obtain the information, it shall provide the Class member the opportunity to cure the Claim as set forth in section III.5.

3.        Consistent with the above provisions, repair reimbursements shall be provided irrespective of whether Qualifying Repairs were incurred at an authorized Hyundai dealership or elsewhere.

4.      Reimbursements shall be provided to Class members even if warranty coverage was initially denied for the Qualifying Repair on the grounds that it was necessitated by a failure to properly service or maintain the vehicle.

5.      Class members previously reimbursed in full or part for the expense incurred in connection with a Qualifying Repair (e.g., through an HMA or dealership good will payment) shall not be entitled to a reimbursement under this settlement for that portion of the expense for which they have already been reimbursed.

**D.      Other Repair-Related Reimbursements**

1.      To the extent any Class member incurs expense, such as for a rental car or towing service, or other out-of-pocket expense reasonably related to obtaining a Qualifying Repair for a Class Vehicle within the 10-year and 120,000-mile period following its original sale or lease, the Class member shall be entitled to full reimbursement of any and all such rental car and towing expenses by HMA provided that:

      a.      A Claim is submitted within 120 days after the later of (i) the Notice Date, or (ii) the date on which the expense is incurred;

      b.      The Claim contains a completed Claim Form;

      c.      The Claim contains a Proof of Repair-Related Expense; and

      d.      The Claim contains a Proof of Repair Expense that reflects a Qualifying Repair performed within 30 days of the incurred rental car or towing expense.

2.      With respect to the reimbursements available pursuant to the above paragraph, Class members shall not be entitled to receive compensation apart from their out-of-pocket costs incurred.  For example, the above paragraph shall not entitle Class members to lost wages allegedly incurred due to an inability to get to or from a place of employment or to recover other forms of consequential damages.

3.      Class members who before notice of this settlement or (for Class members with 2011 and 2012 model year Class Vehicles only) before mailed notification of NHTSA Campaign Number 15V568000 (i) had a Class Vehicle experience an engine seizure, engine stall, engine noise, or illumination of the oil lamp diagnosed as requiring repair of the engine block, and (ii) sold or traded-in the Class Vehicle without first procuring the recommended repair, will be advised of a process for HMA to evaluate the Class member's transaction and propose

compensation for any effect on fair market value of the Class Vehicle.  The amount of compensation shall consider, among other things, the Class member's sale or trade-in transaction as a whole.  A Class member's maintenance history or lack thereof before the repair diagnosis (excepting limited exceptional neglect circumstances), shall not be a basis for denying or limiting compensation under this section.  The notice, cure, and arbitration provisions of section III shall apply and be available to Class members who notify HMA of their circumstances under this section.

       4.      Class members previously reimbursed in full or part for rental car or towing expense or in connection with a sale or trade-in following an engine seizure, engine stall, engine noise, or illumination of the oil lamp diagnosed as requiring repair of the engine (e.g., through an HMA or dealership good will payment) shall not be entitled to a reimbursement under this settlement for that portion of the expense for which they have already been reimbursed.

       **E.**      **Costs of Administration and Notice**

       1.      HMA shall be responsible for all costs of Class notice and settlement administration.  In no event shall Class Counsel or the Class be responsible for any costs associated with Class notice or settlement administration.  Class Counsel retains the right to audit and review the administration of Claims, subject to Class Counsel establishing a good faith basis warranting the audit and review.

**III.**    **CLAIMS ADMINISTRATION**

       1.      Claims submitted pursuant to this settlement may be submitted, at the election of the Class member, by U.S. mail, email, or through the dedicated settlement website discussed below.  The mailing address and email address to which Class members may submit Claims, as well as Class members' right to submit their Claims through the settlement website, shall be posted prominently in each of the following locations: the Long Form Notice, the Pamphlet (once prepared and as made available before the Effective Date on the settlement website), the Claim Form, and the dedicated settlement website.  The  www.hyundaiusa.com/myhyundai website shall provide a link to the dedicated settlement website.

       2.      The claim form shall provide an option for class members to indicate a preference for communication via regular U.S. Mail.  If HMA has an email address for a class member and the class member did not indicate on the claim form that he or she prefers to communicate via

regular U.S. Mail, HMA shall respond by email.  In instances in which U.S. Mail is used, HMA shall respond using the address provided on the corresponding Claim Form.

3.      Upon receipt of a Claim, HMA shall review the Claim to determine whether the Claim meets all qualifications for payment set forth in this agreement and, if so, the amount of the reimbursed owed.

4.      Within 60 days of receiving a Claim, HMA shall provide written notice to the Class member who submitted it, notifying the Class member of:

    a.      the amount, if any, that HMA proposes to reimburse the Class member under this settlement;

    b.      the basis for HMA's decision to pay less than a full reimbursement (if applicable); and

    c.      the Class member's right to attempt to cure any deficiency that led to HMA's proposal to award less than full reimbursement.

5.      In response to receiving the written notice under section III.4, Class members may:

    a.      Attempt to cure the deficiency stated as justification for not awarding a full reimbursement, by submitting the information and/or documentation identified by HMA as lacking in the Claim, within 30 days of receipt of the written notice.  Within 30 days of receiving such a cure attempt, HMA will provide written notice to the Class member stating its final determination as to the total reimbursement to be paid to the Class member and the reasons for the reimbursement amount if less than requested; or

    b.      Accept the partial reimbursement offered by HMA, which acceptance will be presumed if no cure attempt is received by HMA within 45 days of receipt of the written notice.

6.      Within 60 days of receipt of HMA's final determination of a Claim, any Class member dissatisfied with HMA's determination may seek arbitration through a BBB administered alternative dispute resolution process by notifying HMA in writing that the Class member requests arbitration.  HMA shall promptly provide copies of all such requests to Class Counsel, and shall initiate arbitration proceedings through a BBB administered alternative

dispute resolution process.  The arbitration shall take place by written submission with a telephonic hearing to occur if the arbitrator determines it is needed.  HMA shall provide Class Counsel with copies of any communications concerning such arbitration review, and Class Counsel shall have the right to participate in any written submission or telephonic hearing.  The expense for the each such arbitration review shall be borne by HMA, except for attorneys' fees by Class Counsel or other counsel selected by the Class member (if any).

7.      On a monthly basis beginning 30 days after the Notice Date, HMA shall provide Class Counsel with a copy of each final determination notice sent by HMA pursuant to section III.5.a along with the Claim Form and all other documentation associated with the Claim.

8.      For each Claim qualifying for a reimbursement payment under this agreement, HMA shall mail to the Class member, at the address on the Claim Form, no later than 30 days after the Effective Date, a check or a reimbursement debit card, at the Class member's request. The debit cards provided under this settlement shall be redeemable for at least 90 days, without any fees charged by HMA or the debit card issuer, at ATMs and merchants that accept Visa cards.  The debit cards shall indicate their "use by" dates on their face.

9.      The value of any debit card shall remain the property of HMA unless and until it is expended by the Class member.  Upon expiration of any debit card any unexpended funds shall become the permanent property of HMA.

10.     The Parties acknowledge and agree that any and all provisions, rights, or benefits conferred by any law of any state or territory of the U.S., or any principle of common law, that provides for how residual amounts in a settlement fund should be distributed, including, but not limited to, California Code of Civil Procedure section 384(b), are not applicable to this Settlement Agreement.  Although the Parties expressly agree that this settlement is not governed by California Code of Civil Procedure section 384(b) or other similar laws and does not create a settlement fund nor any "unpaid residue," the Class Representatives on behalf of themselves and the Class members nonetheless expressly acknowledge and agree that, to the extent permitted by law, they are waiving any protections of California Code of Civil Procedure section 384(b) and of any comparable statutory or common law provision of any other jurisdiction.

11.     The Parties acknowledge and agree that the forms of compensation set forth in sections II.C and II.D do not constitute gift cards, gift certificates, or member rewards cards under any federal and/or state laws.

12.     Nothing in this agreement shall be read to prevent HMA from electing, at its sole discretion and on a case-by-case basis, to implement or to continue to implement any customer satisfaction or goodwill policy, program, or procedure at its discretion, that provides consideration to Class members over and above that required by this settlement, without regard to the Class members' entitlement to relief under the settlement.  No such election by HMA, however, shall act to deprive a Class member of the benefits available under the settlement.

## IV.     NOTICE TO THE CLASS

### A.     CAFA Notice

1.     In compliance with the attorney general notification provision of the Class Action Fairness Act, 28 U.S.C. § 1715, HMA shall provide notice of this settlement to the Attorney General of the United States, and the attorneys general of each state or territory in which a Class member resides.

### B.     Notice Deadline

1.     No later than the Notice Date, HMA shall cause notice to the Class to be disseminated by U.S. Mail, email, the dedicated settlement website (with a link to the dedicated settlement website from www.hyundaiusa.com/myhyundai), and through the Dealer Information Program, each as detailed below.  The form and substance of all notices provided by HMA to Class members shall be subject to prior input and approval from Class Counsel.

### C.     Individual Class Notice Methods

1.     HMA shall provide by direct U.S. mail, to all reasonably identifiable Class members, each of the following: (i) the Long Form Notice and (ii) a Claim Form following the Court granting preliminary approval to the class settlement.  For purposes of identifying the requisite names and addresses, HMA agrees to provide, to the extent it has not already done so, all names and addresses of Class Vehicle owners, along with Class Vehicle VINs, to R.L. Polk & Company, or a similar third-party entity, who shall be authorized to use that information to obtain the names and most current addresses of Class Vehicle owners through state agencies. Prior to mailing individual notice, HMA shall conduct an address search through the United States Postal Service's National Change of Address database to update the address information for Class Vehicle owners.  For each individual notice that is returned as undeliverable, HMA shall use its best efforts to conduct an advanced address search using HMA's customer database information regarding the Class Vehicle owner to obtain a deliverable address.

2.      HMA shall provide by email, to all Class members for which HMA maintains email addresses, a hyperlink to the dedicated settlement website discussed below and electronic versions of each of the following: (i) the Long Form Notice, and (ii) a Claim Form following the Court granting preliminary approval to the class settlement

3.      HMA shall maintain a dedicated settlement website—subject to Class Counsel approval—which will contain: (i) instructions on how to obtain reimbursements; (ii) a mechanism by which Class members can submit Claims; (iii) instructions on how to contact HMA for assistance with their Claims; (iv) the Long Form Notice; (v) the Pamphlet; (vi) the Claim Form; (vii) this agreement; (viii) any orders issued in this Action approving or disapproving of the proposed settlement; and (ix) any other information the Parties determine is relevant to the Settlement.  HMA shall make the same information available to Class members through www.hyundaiusa.com/myhyundai via links to the dedicated settlement website (apart from the mechanism for submitting Claims).

4.      HMA shall be prepared, through its customer service department, to respond to questions regarding the status of submitted Claims, how to submit a Claim, and other aspects of this settlement.  HMA shall maintain a dedicated toll free telephone number for Class members to call.  HMA may use the same toll free telephone number used for NHTSA Campaign Number 15V568000.  The telephone number shall be listed on the Long Form Notice, Pamphlet, Claim Form, the dedicated settlement website, and www.hyundaiusa.com/myhyundai.

5.      Within 90 days of the Notice Date, HMA shall provide Class Counsel with the total number of notices sent to Class members by U.S. mail and email, along with the numbers of notices returned as undeliverable.

6.      Following the Effective Date of the Settlement Agreement, HMA shall provide by direct U.S. mail, to all reasonably identifiable Class members the Pamphlet.  HMA shall use the name and address information compiled through the steps described in section IV.C.1 and the claims process pursuant to the Settlement Agreement.

7.      Following the Effective Date of the Settlement Agreement, HMA shall provide by email, to all Class members for which HMA maintains email addresses, an electronic versions of the Pamphlet.  Beginning no later than two weeks after the Effective Date and continuing throughout the period during which Class Vehicles remain within the Extended Warranty period, HMA shall take all actions reasonably necessary, including those specifically enumerated below,

to ensure that its authorized dealerships are educated about the provisions of this settlement that pertain to the Extended Warranty.

8.     Beginning no later than two weeks after the Effective Date, HMA shall provide— in both hard copy and electronic form— the Pamphlet to each of its authorized dealerships, with instruction to disseminate the Pamphlet to any person who presents a Class Vehicle for maintenance or service of any type.

9.     For three years following the Effective date, HMA shall provide annual reminders to its dealerships about the existence of the Extended Warranty and the provisions of this settlement that pertain to the Extended Warranty.

## V.     ATTORNEYS' FEES AND SERVICE PAYMENTS

1.     Plaintiffs, through Class Counsel, shall petition the Court for an attorneys' fee award, cost award, and for Class Representative service payments.  Any petition by Plaintiffs, through Class Counsel, shall be inclusive of an attorneys' fee and cost award sought on behalf of Gibbs Law Group, McCuneWright LLP, and Chimicles & Tikellis LLP, including any attorneys currently or previously affiliated with those law firms.

2.     Subject to entry of the final approval order and judgment pursuant to section VII.B, HMA will not oppose, undermine, or solicit others to oppose or undermine an award of attorneys' fees and costs up to, but not to exceed, the total combined sum of $795,000.00.  The foregoing attorney fee award and cost applications are inclusive of Class Counsel and any claims by Gibbs Law Group, McCuneWright LLP, and Chimicles & Tikellis LLP, including any attorneys currently or previously affiliated with those law firms.

3.     Subject to entry of the final approval order and judgment pursuant to section VII.B, HMA will not oppose, undermine, or solicit others to oppose or undermine Class Representative service payments in the amount of $2,500 each (or $5,000 total).

4.     HMA agrees to pay the attorneys' fees, costs, and service payments not exceeding the amounts identified herein separate and apart from, and in addition to, the relief provided to the Class.

5.     HMA shall pay Class Counsel the fees, expenses, and service payments awarded by the Court within the later of thirty (30) days following (i) the Effective Date or (ii) the first date after the Court enters an order awarding fees, expenses, and service payments, and all appellate rights with respect to said order have expired or been exhausted in such a manner as to

affirm the order.  Within ten (10) days following the (i) the Effective Date or (ii) the first date after the Court enters an order awarding fees, expenses, and service payments, and all appellate rights with respect to said order have expired or been exhausted in such a manner as to affirm the order, Class Counsel shall provide HMA, for each payee, a W-9 and wire instructions on their firm letterhead for the payment to Class Counsel of fees, expenses, and service payments awarded by the Court.

## VI.    MUTUAL RELEASE

1.      Upon entry of a Court order granting final approval of the settlement and entering judgment pursuant to section VII.B below, Releasors irrevocably release, waive, and discharge any and all past, present, and future liabilities, claims, causes of action, legal claims, damages, costs, attorneys' fees, losses, or demands that have been brought or could have been brought, whether known or unknown, existing or potential, or suspected or unsuspected relating to Class Vehicles against Releasees, whether or not specifically named herein, asserted or unasserted, under or pursuant to any statute, regulation, common law, or equitable principle, based on (i) the facts alleged in any complaint filed in the Action and all legal claims of whatever type or description arising out of, that may have arisen as a result of, or which could have been brought based on, any of the facts, acts, events, transactions, occurrences, courses of conduct, representations, omissions, circumstances or other matters pleaded in complaints filed in the Action, (ii) oil consumption, oil maintenance, engine repairs or replacement related to oil maintenance for the Class Vehicles, or engine durability related to oil maintenance for the Class Vehicles, or (iii) marketing or advertising for the oil consumption, oil maintenance, engine repairs or replacement related to oil maintenance for the Class Vehicles, or engine durability related to oil maintenance for the Class Vehicles.  The Settlement Agreement and release do not release claims for (i) death, (ii) personal injury, (iii) damage to tangible property other than a Class Vehicle, or (iv) subrogation.

The release effected by this Settlement Agreement is intended to be a specific release and not a general release.  If, despite, and contrary to the Parties' intention, a court construes the release as a general release under California law and determines that Section 1542 of the California Civil Code is applicable to the release, the Class Representatives, on behalf of themselves and all Class members, hereby expressly waive and relinquish to the fullest extent

permitted by law, the rights provided by Section 1542 of the California Civil Code, which provides:

> *Certain Claims Not Affected By General Release:*  *A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release which if known by him must have materially affected his settlement with the debtor.*

Each of the Class Representatives expressly acknowledges that the Class Representative has been advised by Class Counsel of the contents and effects of Section 1542, and with knowledge, each of the Class Representatives hereby expressly waives, on behalf of the Class Representative and all Class members, whatever benefits the Class Representatives and the Class members may have had pursuant to such section.  Each of the Class Representatives hereby expressly waives, on behalf of the Class Representative and all Settlement Class Members, the benefit of any law of any state or territory of the United States, federal law or principle of common law, or of international or foreign law, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

2.     Plaintiffs and the Class members recognize that, even if they later discover facts in addition to or different from those which they now know or believe to be true, they nevertheless agree that, upon entry of the final approval order and judgment, Releasors fully, finally, and forever settle and release any and all legal claims against Releasees.  The Parties acknowledge that this waiver and release were bargained for, and are material elements of the settlement.

3.     By this agreement, HMA and Hyundai Motor Company, Ltd, release the Plaintiffs and Class Counsel from any and all claims or causes of action that were, or could have been, asserted by HMA or Hyundai Motor Company, Ltd, pertaining to this Action or settlement. HMA and Hyundai Motor Company, Ltd, recognize that, even if they later discover facts in addition to or different from those which they now know or believe to be true, both entities nevertheless agree that, upon entry of an order granting final approval to this settlement and entering judgment, HMA and Hyundai Motor Company, Ltd, fully, finally, and forever settle and release any and all such claims.  The Parties acknowledge that this waiver and release were bargained for, and are material elements of the settlement.

4.      This settlement and the release in the preceding paragraph do not affect the rights of Class members who timely and properly request exclusion from the Class, or anyone encompassed within the class definitions set forth in the complaints in this Action who are not a member of the Class defined in this agreement.  The Parties do not intend this agreement and release to affect any legal claims that arise out of a consumer's purchase or use of any vehicle other than a Class Vehicle.  The Settlement Agreement and release do not release claims for (i) death, (ii) personal injury,  (iii) damage to tangible property other than a Class vehicle, or (iv) subrogation.

5.      The administration and consummation of the settlement shall be under the authority of the Court.  The Court shall retain jurisdiction to protect, preserve, and implement the settlement.  The Court retains jurisdiction to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the settlement, including, but not limited to, orders enjoining Class members from prosecuting claims that are released pursuant to the settlement and allowing for discovery related to objectors.

6.      Upon issuance of the final approval order and judgment: (i) the settlement shall be the exclusive remedy for Class members; (ii) Releasees shall not be subject to liability or expense of any kind to any Class member(s) for reasons related to the Action except as set forth herein; and (iii) Class members shall be permanently barred from initiating, asserting, or prosecuting any and all released claims against the Releasees.

## VII.   SETTLEMENT APPROVAL PROCESS

1.      The Parties acknowledge that prompt approval, consummation, and implementation of this settlement are essential.  The Parties shall cooperate with each other in good faith to carry out the purposes of and effectuate this settlement, shall promptly perform their respective obligations hereunder, and shall promptly take any and all actions and execute and deliver any and all additional documents and all other materials and/or information reasonably necessary or appropriate to carry out the terms of this settlement and the transactions contemplated hereby.

### A.      Preliminary Court Approval

1.      Promptly after execution of this settlement by the Parties, counsel for the Parties shall present this settlement to the Court for review and jointly seek entry of an order that

certifies the Class as a settlement class, grants preliminary approval of this settlement, and directs HMA to provide notice of the settlement in the manners listed herein.

2.       No later than ten (10) days before the Court hearing on final approval of the settlement, HMA shall provide an affidavit for the Court, with a copy to Class Counsel, attesting that notice was disseminated in a manner consistent with the terms of this agreement, or as otherwise required by the Court.

### B.       Final Court Approval

1.       Once the Court enters a preliminary approval order, counsel for the Parties shall use their best efforts to promptly obtain entry of a final order and judgment that:

     a.       Finds the settlement to be fair, reasonable, and adequate;

     b.       Finds that the Class notice given constitutes the best notice practicable;

     c.       Approves the release specified in section VI as binding and effective as to all Class members who have not properly excluded themselves from the Class;

     d.       Directs that judgment be entered on the terms stated herein; and

     e.       Provides that the Court will retain jurisdiction over the Parties and Class members to enforce the terms of the final order and judgment.

2.       Upon entry of the final order and judgment, this Action shall be dismissed, on its merits and with prejudice, with respect to all Plaintiffs and all Class members who have not properly excluded themselves from the Class, and without prejudice as to anyone else, subject to the continuing jurisdiction of the Court.

### VIII.  REQUESTS FOR EXCLUSION

1.       The provisions of this section shall apply to any request by a Class member for exclusion from the Class.

2.       Any Class member may make a request for exclusion by submitting such request in writing as set forth in the Class notice.

3.       Any request for exclusion must be submitted not later than the date specified in the Court's preliminary approval order.

4.       Any request for exclusion shall (i) state the Class member's full name and current address, (ii) provide the model year and Vehicle Identification Number ("VIN") of his/her/its

Class Vehicle(s) and the approximate date(s) of purchase or lease, and (iii) specifically and clearly state his/her/its desire to be excluded from the settlement and from the Class.

5.      Failure to comply with these requirements and to timely submit the request for exclusion will result in the Class member being bound by the terms of the Settlement Agreement.

6.      Any Class member who submits a timely request for exclusion may not file an objection to the settlement and shall be deemed to have waived any rights or benefits under this agreement.

7.      HMA shall report the names of all Class members who have submitted a request for exclusion to Class Counsel on a weekly basis, beginning 30 days after the Notice Date.

## IX.    OBJECTIONS

1.      The Parties will request that the Court enter an order requiring any Class member who wishes an objection to be considered, to submit a written notice of objection to HMA by the deadline set in the Court's preliminary approval order.

2.      To state a valid objection to the settlement, an objecting Class member must provide the following information in his, her, or its written objection: (i) his/her/its full name, current address, and current telephone number; (ii) the model year and VIN of his/her/its Class Vehicle(s); (iii) a statement of the objection(s), including all factual and legal grounds for the position; (iv) copies of any documents the objector wishes to submit in support; and (v) sign and date the objection.  In addition, any Class member objecting to the settlement shall provide a list of any other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court in the United States in the previous five years.  If the Class member or his or her counsel has not made any such prior objection, the Class member shall affirmatively so state in the written materials provided with the objection.

3.      If the objecting Class member intends to appear, in person or by counsel, at the final approval hearing, the objecting Class member must so state in the objection.  Any Class member who does not state his or her intention to appear in accordance with the applicable deadlines and other specifications, or who has not filed an objection in accordance with the applicable deadlines and other specifications, will be deemed to have waived any objections to the settlement and can be barred from speaking or otherwise presenting any views at the final approval hearing.

4.      The Parties will request that the Court enter an order providing that the filing of an objection allows Class Counsel or counsel for HMA to notice such objecting person for and take his, her, or its deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location, and to seek any documentary evidence or other tangible things that are relevant to the objection.  Failure by an objector to make himself/herself/itself available for a deposition or comply with expedited discovery requests may result in the Court striking the objection and otherwise denying that person the opportunity to be heard.  The Court may tax the costs of any such discovery to the objector or the objector's counsel should the Court determine that the objection is frivolous or made for improper purpose.

5.      These procedures and requirements for objecting are intended to ensure the efficient administration of justice and the orderly presentation of any Class member's objection to the settlement, in accordance with the due process rights of all Class members.

X.      **MISCELLANEOUS**

A.      **Choice of Law**

1.      This agreement shall be governed by and construed in accordance with the substantive laws of the State of California without giving effect to any choice or conflict of law provision, or rule that would cause the application of the laws of any other jurisdiction.

B.      **Not Evidence**

1.      The Parties understand and acknowledge that this agreement constitutes a compromise and settlement of disputed claims.  No action taken by the Parties, either previously or in connection with the negotiations or proceedings connected with this agreement, shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made or an acknowledgment or admission by any party of any fault, liability or wrongdoing of any kind whatsoever to any other party.

2.      Neither this agreement nor any act performed or document executed pursuant to or in furtherance of it: (a) is, or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any legal claim made by Plaintiffs or Class members, or of any wrongdoing or liability of HMA, or (b) is, or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of Releasees in any proceeding in any court, administrative agency, or other tribunal.

3.      This provision shall survive the expiration or voiding of the agreement.

### C.      Headings

1.      The headings of the sections and paragraphs of this agreement are included for convenience only and shall not be deemed to constitute part of this agreement or to affect its construction.

### D.      Effect of Exhibits

1.      The exhibits to this agreement are an integral part of the settlement and are expressly incorporated and made a part of this Settlement Agreement.

### E.      Entire Agreement

1.      This agreement represents the entire agreement and understanding among the Parties and supersedes all prior proposals, negotiations, agreements, and understandings relating to the subject matter of this agreement.  The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or understanding concerning any part or all of the subject matter of this agreement has been made or relied on except as expressly set forth in this agreement.  No modification or waiver of any provisions of this agreement shall in any event be effective unless the same shall be in writing and signed by the person or Party against whom enforcement of the agreement is sought.

### F.      Counterparts

1.      This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original as against any Party who has signed it, and all of which shall be deemed a single agreement.

### G.      Arm's-Length Negotiations

1.      The Parties have negotiated all of the terms and conditions of this settlement at arm's length.  The provisions for attorneys' fees and costs and service awards set forth herein were negotiated separately from and after agreement on the provisions for relief to Plaintiffs and the Class.

2.      All terms, conditions, and exhibits in their exact form are material and necessary to this agreement and have been relied upon by the Parties in entering into this agreement.

3.      The determination of the terms of, and the drafting of, this agreement has been by mutual agreement after negotiation, with consideration by and participation of all Parties and their counsel.  Since this agreement was drafted with the participation of all Parties and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply.

The Parties were represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this agreement, and there was no disparity in bargaining power among the Parties to this agreement.

**H.     Good Faith**

1.      The Parties acknowledge that prompt approval, consummation, and implementation of this settlement is essential.  The Parties shall cooperate with each other in good faith to carry out the purposes of and effectuate this settlement, shall promptly perform their respective obligations hereunder, and shall attempt to resolve any dispute that may arise under this settlement in a good faith and expeditious manner.

**I.     Continuing Jurisdiction**

1.      The Parties agree the Court may retain continuing and exclusive jurisdiction over them, and all Class Members, for the purpose of the administration and enforcement of this settlement.

**J.     Extensions of Time**

1.      The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Settlement Agreement without further notice (subject to Court approval as to court dates).

**K.     Service of Notice**

1.      Whenever, under the terms of this agreement, written notice is required to HMA or Class Counsel, such service or notice shall be directed to the individuals and addresses specified below, unless those individuals or their successors give notice to the other parties in writing:

<u>As to Plaintiffs</u>:       Eric H. Gibbs
                        David Stein
                        **GIBBS LAW GROUP LLP**
                        One Kaiser Plaza, Suite 1125
                        Oakland, California 94612

                        Joseph G. Sauder
                        Matthew D. Schelkopf
                        **MCCUNEWRIGHT LLP**
                        1055 Westlakes Drive, Suite 300
                        Berwyn, Pennsylvania 19312

<u>As to HMA</u>:          Shon Morgan
                         Joseph R. Ashby
                         **QUINN EMANUEL URQUHART**
                         **& SULLIVAN, LLP**
                         865 S. Figueroa St. 10th Floor
                         Los Angeles, California 90017

IN WITNESS HEREOF, each of the Parties hereto has caused this agreement to be executed, as of the day(s) set forth below.

Dated:  April 11, 2016              By: _____
                                       Eric H. Gibbs
                                       **GIBBS LAW GROUP LLP**
                                       One Kaiser Plaza, Suite 1125
                                       Oakland, California 94612

Dated:  April __, 2016             By: _____
                                       Matthew D. Schelkopf
                                       **MCCUNEWRIGHT LLP**
                                       1055 Westlakes Drive, Suite 300
                                       Berwyn, Pennsylvania 19312

                                       *Interim Class Counsel*

Dated:  April __, 2016             By: _____
                                       Shon Morgan
                                       **QUINN EMANUEL URQUHART
                                       & SULLIVAN, LLP**
                                       865 S. Figueroa St. 10th Floor
                                       Los Angeles, California 90017

                                       *Counsel for Defendant Hyundai Motor America*

IN WITNESS HEREOF, each of the Parties hereto has caused this agreement to be executed, as of the day(s) set forth below.

Dated:  April ___, 2016        By: _____

                                      Eric H. Gibbs
                                      **GIBBS LAW GROUP LLP**
                                      One Kaiser Plaza, Suite 1125
                                      Oakland, California 94612

Dated:  April *13*, 2016       By: _____

                                      Matthew D. Schelkopf
                                      **MCCUNEWRIGHT LLP**
                                      1055 Westlakes Drive, Suite 300
                                      Berwyn, Pennsylvania 19312

                                      *Interim Class Counsel*

Dated:  April ___, 2016        By: _____

                                        Shon Morgan
                                      **QUINN EMANUEL URQUHART**
                                      **& SULLIVAN, LLP**
                                      865 S. Figueroa St. 10th Floor
                                      Los Angeles, California 90017

                                      *Counsel for Defendant Hyundai Motor America*

IN WITNESS HEREOF, each of the Parties hereto has caused this agreement to be executed, as of the day(s) set forth below.

Dated:  April  __, 2016          By: _____

                                Eric H. Gibbs
                                **GIBBS LAW GROUP LLP**
                                One Kaiser Plaza, Suite 1125
                                Oakland, California 94612


Dated:  April  __, 2016          By: _____

                                Matthew D. Schelkopf
                                **MCCUNEWRIGHT LLP**
                                1055 Westlakes Drive, Suite 300
                                Berwyn, Pennsylvania 19312

                                *Interim Class Counsel*


Dated:  April  11, 2016          By: _____

                                Shon Morgan
                                **QUINN EMANUEL URQUHART**
                                **& SULLIVAN, LLP**
                                865 S. Figueroa St. 10th Floor
                                Los Angeles, California 90017

                                *Counsel for Defendant Hyundai Motor America*

# Exhibit A

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If you bought or leased a 2011-2014 model year Hyundai Sonata, you could benefit from a class action settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- Lawsuits filed against Hyundai Motor America and Hyundai Motor Company alleged that an engine defect may cause stalling, engine noise, or oil lamp illumination in the 2011-2014 Hyundai Sonata with a 2.0 liter or 2.4 liter gasoline direct injection engine.

- The settlement extends the Powertrain Warranty for the engine short block assembly.  It also provides cash reimbursements for certain repairs and repair-related expenses, such as rental cars and towing.  The settlement also provides cash reimbursement for certain trade-ins and sales of unrepaired vehicles.

- To qualify you must have bought or leased a "Class Vehicle," which are 2011, 2012, 2013, and 2014 model year Hyundai Sonatas with a Theta II 2.0 liter or 2.4 liter gasoline direct injection engine.

- Your legal rights are affected whether you act or don't act.  Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a reimbursement.  Not necessary for the extension of the Powertrain Warranty.  The deadline to submit a claim is [120 days after the Notice Date]. |
| **EXCLUDE YOURSELF** | Get no payment or extension of the Powertrain Warranty.  This is the only option that allows you to ever be part of any other lawsuit against Hyundai about the legal claims in this case.  The deadline to submit a request for exclusion is [the date specified in the Court's preliminary approval order]. |
| **OBJECT** | Write to the Court about why you don't like the settlement.  The deadline to object is [the date specified in the Court's preliminary approval order]. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no reimbursement.  Receive the extension of the Powertrain Warranty. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still must decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after appeals are resolved.

## BASIC INFORMATION

**1.      Why did I get this notice package?**

According to the records of Hyundai Motor America, you bought or leased a Class Vehicle in the United States, excluding the territories, or abroad while on active military duty.

The Court has ordered this notice be sent to you because you have a right to know about a proposed settlement of a class action lawsuit and about your options, before the Court decides whether to approve the settlement.  If the Court approves the Settlement and after objections and appeals are resolved, Hyundai Motor America will provide payments and other benefits agreed to in the Settlement.  This notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *In re: Hyundai Sonata Engine Litigation*, No. 5:15-cv-1685-BLF.  You should read this entire notice.

**2.      What is this lawsuit about?**

The people who filed this lawsuit are called Plaintiffs, and the company they sued, Hyundai Motor America, is called the defendant.  The Plaintiffs allege that the Class Vehicles suffer from a defect that can cause engine seizure, stalling, engine noise, and oil light illumination.  The Plaintiffs also allege that engine seizure or stalling can be dangerous if experienced.  The Plaintiffs also allege that some owners and lessees have been improperly denied repairs under the vehicle's warranty.  Hyundai Motor America denies Plaintiffs' allegations.

**3.      Why is this a class action?**

In a class action lawsuit, one or more persons, called "Class Representatives" (in this case Elizabeth Mendoza and Beth Graham), sue on behalf of people who have similar claims.  All these people are a "Settlement Class" or "Settlement Class Members."  One court resolves the issues for all Class Members, except those who exclude themselves from the Settlement Class.  U.S. District Judge Beth L. Freeman is in charge of this class action.

**4.      Why is there a settlement?**

The Class Representatives and Hyundai Motor America agreed to a Settlement to avoid the cost and risk of further litigation, including a potential trial, and so that the Class members can get payments and other benefits, in exchange for releasing Hyundai Motor America from liability.  The Settlement does not mean that Hyundai Motor America broke any laws and/or did anything wrong, and the Court did not decide which side was right.

The Class Representatives and Hyundai Motor America  entered into a Settlement Agreement, which has been preliminarily approved by the Court, which authorized the issues of this notice.

The Class Representatives and the lawyers representing them (called "Class Counsel") believe that the Settlement is in the best interest of all Class Members.

This notice summarizes the terms of the Settlement.  The Settlement Agreement along with all exhibits sets forth in greater detail the rights and obligations of all the parties and are available at [settlement website].  If there is any conflict between this notice and the Settlement Agreement, the Settlement Agreement governs.

| WHO IS IN THE SETTLEMENT? |
| :---: |

**5.      How do I know if I am part of the settlement?**

Judge Freeman decided that, for the purposes of this proposed settlement, everyone who fits this description is covered by the Settlement:  All owners and lessees of a Class Vehicle who purchased or leased the Class Vehicle in the United States, excluding the territories, or abroad while on active military duty.

However, the Class excludes all claims for death, personal injury, property damage, and subrogation.  The Class also excludes Hyundai Motor America; any affiliate, parent, or subsidiary of Hyundai Motor America; any entity in which Hyundai Motor America has a controlling interest; any officer, director, or employee of Hyundai Motor America; any successor or assign of Hyundai Motor America; any judge to whom this Action is assigned, his or her spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons; and any Settlement Class Member that files a timely and proper Request for Exclusion from the Settlement Class.

**6.      Which Hyundai Sonata vehicles are included?**

The "Class Vehicles," for the purposes of the description in section 5 above, are 2011, 2012, 2013, and 2014 model year Hyundai Sonatas with a Theta II 2.0 liter or 2.4 liter gasoline direct injection engine.

**7.      If I bought or leased a Class Vehicle that has not had problems, am I included?**

Yes.  You don't have to have experienced stalling, engine seizure, engine noise, or oil light illumination to be included in the Settlement.  If you still own or lease a Class Vehicle you will be eligible to take advantage of the Settlement's extension of the Powertrain Warranty, for example.

**8.      I am still not sure if I'm included.**

If you are still not sure whether you are included, you can ask for free help.  You can visit the website at [settlement website].  You can also call [phone number] and ask whether your vehicle

is included in the Settlement.  Whether you visit the website or call the toll-free number, you will need to have your Vehicle Identification Number ("VIN") ready.  The VIN is located on a small placard on the top of the dashboard and is visible through the driver's side corner of the windshield.  It also appears on your vehicle registration card and probably appears on your vehicle insurance card.  Your VIN should have 17 characters, a combination of both letters and numbers.

If you have any concerns about your Class Vehicle, you should contact your dealership right away to discuss scheduling an inspection.

## SETTLEMENT BENEFITS – WHAT YOU GET

### 9.      What does the Settlement provide?

The Settlement provides the following benefits:

> 1.      <u>Warranty Extension</u>

Hyundai Motor America is extending the Powertrain Warranty for Class Vehicles.  The extension of the warranty will cover the engine short block assembly consisting of the engine block, crankshaft and bearings, connecting rods and bearings, and pistons for 10 years and 120,000 miles (whichever comes first) from the original sale or lease of the vehicle.  The 10-year / 120,000-mile extension of the warranty continues even if the vehicle is sold.  Also, through [90 days following the Notice Date], *all* Class Vehicles are eligible for free inspections and, if needed, engine short block assembly repairs, regardless of their current age or mileage.

The extension of the warranty covers all costs of inspections and repairs including, parts, labor, and diagnosis, for the engine short block assembly.  Coverage under the extension of the warranty cannot be denied on the grounds of improper vehicle service or maintenance history (excepting limited exceptional neglect circumstances).

Hyundai dealerships will provide a free loaner vehicle if requested.  If no loaner vehicle is available, Hyundai will provide full reimbursement of reasonable rental car expenses.  (See below for how to make a claim for rental car reimbursements.)

You do <u>not</u> need to submit a Claim Form to receive this extension of the Powertrain Warranty for the engine short block assembly under this Settlement.

> 2.      <u>Reimbursement for Past Repairs</u>

Money you spent on certain Class Vehicle repairs will be reimbursed in full, based on the following requirements:

**(a) DATE OF REPAIR**

▪ The repair must have been within the new extended warranty period (i.e., within 10 years and 120,000 miles of when the vehicle was first sold or leased), and

▪ The repair must have been before November 9, 2015 for 2011 and 2012 model year vehicles, or [Notice Date] for 2013 and 2014 model year vehicles.

**(b) TYPES OF "QUALIFYING REPAIRS"**

▪ Any repair to the engine short block assembly (which includes the engine block, crankshaft and bearings, connecting rods and bearings, and pistons).

▪ Repairs to any other components (such as the long block assembly, battery, or starter) if paperwork shows the work was an attempt to address (i) engine seizure, (ii) engine stalling, (iii) engine noise, or (iv) illumination of the oil lamp. (Repair costs will not be reimbursed if the paperwork reflects that the repairs were plainly unrelated to the short block assembly).

▪ Any replacement of an oil filter based on Hyundai TSB No. 12-EM-006 necessitated by an engine short block assembly issue.

**(c) MAKE A TIMELY CLAIM**

● See section 10 for how to make your claim using the Claim Form.

* * *

Class members are eligible for a reimbursement even if warranty coverage was denied on grounds of improper service or maintenance (excepting limited exceptional neglect circumstances), and even if the repairs were performed at an independent mechanic.

 3.     Reimbursement for Rental Cars, Towing, Etc.

Money you spent on rental cars, towing services, and similar services will also be reimbursed in full, based on the following requirements:

● The expense was reasonably related to obtaining one of the "qualifying repairs" listed above, and

● You make a timely claim using the Claim Form. (See section 10 for how to do so.)

 4.     Compensation If You Sold or Traded-In a Class Vehicle

If, before November 9, 2015 for 2011 and 2012 model year vehicles, or [Notice Date] for 2013 and 2014 model year vehicles, your Class Vehicle (i) experienced an engine seizure, engine stall, engine noise, or illumination of the oil lamp diagnosed as requiring repair of the engine block, and (ii) you sold or traded-in the Class Vehicle without first procuring the recommended repair,

5

you may receive compensation for any effect on fair market value of the Class Vehicle that resulted.

The amount of compensation will be based on the sale or trade-in transaction as a whole (among other considerations).  The vehicle's maintenance history or lack thereof before the repair diagnosis will not be a basis for denying or limiting compensation under this section, however (excepting limited exceptional neglect circumstances).

To be considered for compensation, submit a claim using the Claim Form.  Instructions are provided in section 10 below.  After you submit your claim, you will be contacted by Hyundai Motor America and advised of the process for Hyundai Motor America to evaluate your transaction and propose compensation.  If you are unhappy with the proposal, you can elect telephone arbitration through the Better Business Bureau ("BBB").

       5.     Informational Pamphlet

The Settlement provides that HMA will distribute an informational pamphlet to Class Members that provides further recommended guidance on the maintenance of the engines in the Class Vehicles and that reminds Class Members of the available inspections and repairs.

---

**HOW YOU GET A REIMBURSEMENT – SUBMITTING A CLAIM FORM**

---

**10.    How can I get a reimbursement?**

- Fill out the Claim Form (paper or online), and

- Include the documentation specified on the Claim Form, and

- Submit online, mail, or email the Claim Form to the address listed on the Claim Form, and

- Do so by [120 days after the Notice Date] unless your claims is for rental car or towing costs incurred in the future, in which case you have 120 days from incurring those costs.

Please keep a copy of your completed Claim Form and all documentation you submit for your own records.

If you fail to submit a Claim Form and supporting documents by the required deadline, you will not get paid.  Sending in a Claim Form late or without required documentation will be the same as doing nothing.

**11.      When would I get my reimbursement?**

The Hon. Beth L. Freeman, U.S. District Court Judge, will hold a Fairness Hearing on [MONTH 00, 0000] at [time] in Courtroom 3 at the U.S. District Court for the Northern District of California, San Jose Courthouse, 280 South 1st Street, San Jose, California 95113, to decide whether to approve the Settlement (The hearing may be rescheduled without further notice.  To obtain updated scheduling information, see the [settlement website].)  If the Court approves the Settlement, there may be appeals afterwards.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  Please be patient.

You may continue to check on the progress of the Settlement by visiting the website [settlement website] or calling [settlement toll-free number].  **Payments under the Settlement will begin once the Settlement has been finally approved by the Court and any appeals from that decision are completed.**

**12.      What am I giving up to get the extension of the Powertrain Warranty, reimbursements, or to stay in the Settlement Class?**

Unless you exclude yourself in writing as described in the answer to Question 13, you will be treated as part of the Settlement Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Hyundai Motor America, Hyundai Motor Company, Hyundai Motor Group, affiliates of Hyundai Motor Group, or other related entities or individuals (listed in the Settlement Agreement, which you can view at [settlement website]) about the legal issues in *this* case if the Settlement is approved.  It also means that all of the Court's orders will apply to you and legally bind you.

However, nothing in this Settlement will prohibit you from pursuing claims for:  (i) personal injury; (ii) damage to property other than to a Class Vehicle; or (iii) any and all claims that relate to something other than a Class vehicle.

If you have any questions about the scope of the legal claims you give up by staying the Settlement Class, you may view Section VI of the Settlement Agreement (available at [settlement website]) or you contact the lawyers representing the Settlement Class:

| | |
|---|---|
| Matthew D. Schelkopf<br>MCCUNEWRIGHT, LLP<br>1055 Westlakes Drive, Ste. 300<br>Berwyn, Pennsylvania 19312<br>Telephone: (909) 557-1250<br>Facsimile: (909) 557-1275<br>mds@mccunewright.com | Eric Gibbs<br>GIBBS LAW GROUP LLP<br>1 Kaiser Plaza Ste. 1125,<br>Oakland, California 94612<br>Telephone: (510) 350-9700<br>Facsimile: (510) 350-9701<br>ehg@girardgibbs.com |

| EXCLUDING YOURSELF FROM THE SETTLEMENT |
|---|

If you don't want the extension of the Powertrain Warranty or reimbursements from this settlement, but you want keep the right to sue or continue to sue Hyundai Motor America, Hyundai Motor Company, Hyundai Motor Group, affiliates of Hyundai Motor Group, or other related entities or individuals, on your own, about the legal issues in this case, then you must take steps to get out of the Settlement Class.  This is called excluding yourself—or is sometimes referred to as opting out of the Settlement Class.

**13.    How do I get out of the Settlement?**

To exclude yourself from the Settlement, you must send a letter by U.S. mail (or an express mail carrier) saying that you want to "opt-out of" or "be excluded from" the Class Settlement in *In re: Hyundai Sonata Engine Litigation*, No. 5:15-cv-1685-BLF.  Be sure to include your name, address, telephone number, Vehicle Identification Number ("VIN") of your vehicle (which is located on a placard on the top of the dashboard visible through the driver's side corner of the windshield), and signature, and refer to the case as *In re: Hyundai Sonata Engine Litigation*, No. 5:15-cv-1685-BLF.  You must mail your exclusion request postmarked no later than [the date specified in the Court's preliminary approval order] to:

| **Defense Counsel** |
|---|
| Shon Morgan |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 865 S. Figueroa St., 10th Floor |
| Los Angeles, California 90017 |

You can't exclude yourself on the phone or by e-mail.  Please keep a copy of any exclusion (or opting out) letter for your records.

If you ask to be excluded, you will not get any Settlement benefits—no extension of the Powertrain Warranty and no reimbursements—and you cannot object to the Settlement.  You will not be legally bound by anything that happens in this lawsuit.  Depending on the laws in your state, you may be able to sue (or continue to sue) Hyundai Motor America, Hyundai Motor Company, Hyundai Motor Group, affiliates of Hyundai Motor Group, or other related entities or individuals in the future.

Any repairs performed pursuant to the Settlement's extension of the Powertrain Warranty on your Class Vehicle shall preclude you from excluding yourself from the Class.

**14.     If I don't exclude myself, can I sue for the same thing later?**

No.  Unless you exclude yourself, you give up the right to sue Hyundai Motor America, Hyundai Motor Company, Hyundai Motor Group, affiliates of Hyundai Motor Group, and other related entities or individuals for the claims that this Settlement resolves.

If you have a pending lawsuit against Hyundai Motor America or the related entities listed in the prior paragraph, speak to your lawyer in that lawsuit immediately.  You must exclude yourself from *this* Settlement Class to continue your own lawsuit if it concerns the same legal issues in this case.  Remember, the exclusion deadline is [the date specified in the Court's preliminary approval order].

**15.     If I exclude myself, can I get the benefits of this Settlement?**

No.  If you exclude yourself, do not send in a Claim Form to ask for any reimbursement and do not seek repairs under the Settlement's extension of the Powertrain Warranty.  But, you may sue, continue to sue, or be part of a different lawsuit against Hyundai Motor America, Hyundai Motor Company, Hyundai Motor Group, affiliates of Hyundai Motor Group, and other related entities or individuals for the claims that this Settlement resolves.

---

## THE LAWYERS REPRESENTING YOU

---

**16.     Do I have a lawyer in this case?**

The Court has appointed Eric H. Gibbs and David Stein of Gibbs Law Group LLP and Matthew D. Schelkopf and Joseph G. Sauder of McCuneWright, LLP to represent you and other Settlement Class Members. Together these lawyers are called Class Counsel.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own cost.

**17.     How will the lawyers be paid and will the Settlement Class representatives receive service payments?**

Class Counsel will ask the Court for attorneys' fees and expenses up to $795,000.00, and a payment of $2,500.00 for the two named Settlement Class representatives, Beth Graham and Elizabeth Mendoza.  It will be up to the Court to decide whether Hyundai Motor America will be ordered to pay any of those fees or expenses.  The Court may award less than the amounts requested by Class Counsel.  Hyundai Motor America will separately pay the fees and expenses and service payments that the Court awards.  These amounts will not come out of the funds for payments to Settlement Class Members.  Hyundai Motor America has agreed not to oppose these fees and expenses and service awards.

Hyundai Motor America will also separately pay the costs to administer the settlement.  The payment of settlement administration costs will not come out of the funds for payments to Settlement Class Members.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the Settlement or some part of it.

### 18.     How do I tell the Court that I like or dislike the Settlement?

If you are a member of the Settlement Class, you can object to the settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.

To object, you must submit a letter saying that you object to Hyundai Motor America, at the address contained in this Notice, saying that you are objecting to the Settlement in *In re: Hyundai Sonata Engine Litigation*, No. 5:15-cv-1685-BLF.  You must include: (i) your full name, address, and telephone number; (ii) the model year and VIN of your Class Vehicle(s); (iii) a statement of your objection, including all supporting factual and legal grounds; (iv) copies of any documents you wish to submit in support; (v) your signature and the date of the objection, and (vi) a list of any other objections submitted by you, or your lawyer, to any class action settlements submitted in any court in the United States in the previous five years (and if you or your counsel have made no such objections, you must affirmatively so state).

You must also state in your objection if you intend to appear, in person or by counsel, at the final approval hearing.  If you intend to have counsel appear on your behalf, you must identify all attorneys representing you who will appear.

Submitting an objection allows Class Counsel or counsel for Hyundai Motor America to notice your deposition and to seek any documentary evidence or other tangible things that are relevant to your objection.  Failure to make yourself available for such a deposition or comply with expedited discovery requests may result in the Court striking your objection or denying you the opportunity to be heard.  The Court may require you or your counsel to pay the costs of any such discovery should the Court determine the objection is frivolous or made for improper purpose.

Mail the objection postmarked no later than [date set by preliminary approval order] to:

| Defense Counsel | Class Counsel |
|---|---|
| Shon Morgan<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017 | Eric Gibbs<br>GIBBS LAW GROUP LLP<br>1 Kaiser Plaza Ste. 1125,<br>Oakland, California<br>94612 |

If you do not state your intention to appear in accordance with the applicable deadlines and specifications, or you do not submit an objection in accordance with the applicable deadlines and specifications, you will waive all objections and can be barred from speaking at the final approval hearing.

### 19.     What is the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the Settlement.  You can object only if you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class and the settlement.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement.  You may attend and you may ask to speak, subject to the requirements above, but you don't have to.

### 20.     When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing at [at _____am/pm] on [date] in Courtroom 3 of the United States District Court for the Northern District of California, San Jose Division, San Jose Courthouse, 280 South 1st Street, San Jose, California 95113.  At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay Class Counsel and whether to approve the class representatives' service awards.  After the hearing, the Court will decide whether to finally approve the Settlement.  We do not know how long these decisions will take.

The hearing may be rescheduled without further notice to you.  Updated scheduling information will be available at [settlement website].

### 21.     Do I have to come to the hearing?

No.  Class Counsel will answer questions Judge Freeman may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk

about it. As long as you mailed your written objection on time, the Court will consider it.  You may also attend or pay your own lawyer to attend, but it's not necessary.

**22.    May I speak at the hearing?**

You may ask the Court's permission to speak at the Fairness Hearing.  To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *In re: Hyundai Sonata Engine Litigation*, No. 5:15-cv-1685."  Be sure to include your name, address, telephone number, the model year and VIN for your Class Vehicle(s), and signature, as well as the identities of any attorneys who will represent you.  Your Notice of Intention to Appear must be postmarked no later than [twenty (20) days prior to the date of the Fairness Hearing], and be sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the following addresses:

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of the Court U.S. District Court for the Northern District of California Robert F. Peckham Federal Building & U.S. Courthouse 280 South 1st Street, Room 2112 San Jose, California 95113 | Eric Gibbs GIBBS LAW GROUP LLP 1 Kaiser Plaza Ste. 1125, Oakland, California 94612 | Shon Morgan QUINN EMANUEL URQUHART & SULLIVAN, LLP 865 S. Figueroa St., 10th Floor Los Angeles, California 90017 |

## IF YOU DO NOTHING

**23.    What happens if I do nothing at all?**

If you do nothing, you'll get no reimbursements from this Settlement, though you will be entitled to the benefits of the extension of the Powertrain Warranty (if you continue to own or lease your Class Vehicle).  But, unless you exclude yourself, you won't be able to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against Hyundai Motor America, Hyundai Motor Company, Hyundai Motor Group, affiliates of Hyundai Motor Group, or other related entities or individuals about the legal issues in this case, ever again.

## GETTING MORE INFORMATION

**24.    Are there more details about the settlement?**

This notice summarizes the proposed Settlement.  More details are in a Settlement Agreement, which you can view at [settlement website].

Neither Hyundai Motor America nor the Class Representatives make any representation regarding the tax effects, if any, of receiving any benefits under this Settlement.  Consult your tax adviser for any tax questions you may have.

**25.     How do I get more information?**

You can call [number] toll free or visit [settlement website], where you will find information and documents about the settlement, a Claim Form, plus other information.  You may also contact Class Counsel listed in response to Question 12.

**Other than a request to review the Court's files at the Clerk of the Court's Office, please do not contact the Clerk of the Court or the Judge with questions.**

# Exhibit B

# CLAIM FORM – Six Steps to Make a Claim

*In re: Hyundai Sonata Engine Litig.*, No. 5:15-cv-1685 (N.D. Cal.)

**[1] Verify the below information is correct.  If it is incorrect or missing, please provide the information in the spaces below:**

[Auto Fill Name]
[Auto Fill Address 1]
[Auto Fill Address 2]
[Auto Fill City],  [Auto Fill State]  [Auto Fill Zip Code]

First Name:

Last Name:

Address 1:

Address 2:

City:                                                                                   State:

Zip Code:

**[2] (<u>Optional</u>) - Please provide your email address:**

**Email:**

**If you choose to provide your email address, Hyundai will contact you about the settlement by email.  If not, Hyundai will contact you about the settlement at the postal address above.**

**[3] Please provide your Vehicle Identification Number ("VIN").**  The VIN is located on a small placard on the top of the dashboard and is visible through the driver's side corner of the windshield.  It also appears on your vehicle registration card and probably appears on your vehicle insurance card.  Your VIN should have 17 characters, a combination of both letters and numbers.

**VIN:**

**[4] Indicate the Reimbursement(s) You Are Claiming, The Amount of the Reimbursement You are Requesting, and Enclose The Required Documents**

☐ <u>I AM REQUESTING REIMBURSEMENT FOR REPAIRS AT A HYUNDAI DEALERSHIP</u>

Please provide the amount of the repairs for which you are requesting reimbursement:          $

**Documentation:** Enclose a credit card receipt, receipt from the dealership, credit card statement, OR other document showing the amount that you (or a friend or family member) paid for the repair(s).  (If you paid in cash and have no receipt, your signature on the reverse side of this claim form will constitute your attestation, under penalty of perjury, that you (or a friend or family member) paid for the repair in cash and do not have a receipt or documentation for the payment.)

*For more information please view the Class Notice, call [toll free no.] or visit www.[website]com*

☐ **I AM REQUESTING REIMBURSEMENT FOR REPAIRS AT A NON-HYUNDAI FACILITY**

Please provide the amount of the repairs for which you are requesting reimbursement:     $ ☐☐☐☐ . ☐☐

**Documentation:** Enclose a repair invoice or document that shows: (i) the repair type, (ii) the repair date, and (iii) the amount paid (e.g., credit card receipt, credit card statement, or bank statement).

☐ **I AM REQUESTING REIMBURSEMENT FOR RENTAL CAR / TOWING / OTHER COSTS INCURRED**

Please provide the total amount of rental car, towing, and/or other costs for which you are requesting reimbursement:     $ ☐☐☐☐ . ☐☐

**Documentation:** Enclose a receipt or document showing all of the below:
- What was purchased (e.g., a rental car or towing service)
- Date of purchase
- Amount paid (e.g., credit card receipt, credit card statement, or bank statement)
- The date and nature of the corresponding repair (not needed if the repair was performed at a Hyundai dealership)

☐ **I AM REQUESTING REIMBURSEMENT FOR A CLASS VEHICLE I SOLD OR TRADED-IN AFTER THE VEHICLE WAS DIAGNOSED AS REQUIRING AN ENGINE BLOCK REPAIR, BUT BEFORE THE REPAIR WAS PERFORMED**

- If you check this box Hyundai will contact you about your request for compensation.
- To potentially qualify for compensation your vehicle must have experienced an engine seizure, engine stall, engine noise, or illumination of the oil lamp that was diagnosed as requiring repair of the engine, but you sold or traded-in your vehicle before the repair was performed.
- For 2011 and 2012 model year vehicles the sale or trade-in must have occurred before November 9, 2015.  For 2013 and 2014 model year vehicles the sale or trade-in must have occurred before [notice date].
- If you have documents that you believe support your request for compensation, such as the repair facility diagnosis and paperwork showing what you received for your vehicle as a trade-in, providing those documents with this claim form may assist in the processing of your claim.

## [5] Sign & Date

The information on this form is true and correct to the best of my knowledge. I agree to participate in the settlement. I authorize any dealership that serviced my vehicle to release records to Hyundai to help pay my claim.  To the extent I am seeking reimbursement for a dealership repair and do not have a receipt or other documentation for the corresponding cash payment, I attest under penalty of perjury that I (or a friend or family member) paid for the repair in cash and I do not have a receipt or documentation for the payment.

Signature:_____ Date:_____

**[6] Submit:**  Email the completed form and the documentation to [email address] or mail it to [postal mail address]

*For more information please view the Class Notice, call [toll free no.] or visit www.[website]com*

# Exhibit C

# IMPORTANT INFORMATION ABOUT ENGINE CARE FOR YOUR SONATA

2011 - 2014 model year Hyundai Sonata vehicles with the Theta II 2.0 liter or 2.4 liter Gasoline Direction Injection (GDI) Engine

## Please Keep This Brochure in Your Sonata's Glovebox with Your Owner's Manual



Your Hyundai Sonata is equipped with an engine using Gasoline Direct Injection (GDI) technology.  Direct Injection offers more complete combustion by directly adding fuel to the combustion chamber as opposed to the intake manifold.  With a more precise measurement of fuel injected into the combustion chamber, GDI technology creates a more complete combustion and reduced cylinder temperatures enabling a higher compression ratio, resulting in fuel efficiency gains and low-end torque gains.

However, GDI engine durability can be more sensitive to the quality of fuel used and aftermarket air/oil filters than conventional gas engines.  Fuel injectors can become clogged and engine carbon buildup can result under severe usage.  Proper oil maintenance, as well as recommended use of genuine Hyundai oil

and air filters, is therefore critical to ensuring maximum engine longevity.

Some customers have experienced sluggish engine behavior, knocking noise, or, in more severe cases, loss of engine power, engine seizure, or stalls while driving.  **The following are warning signs of an engine seizure or stall:**

- **Engine knocking**
- **Unusual engine noise, or**
- **Illumination of the oil warning lamp**

**If you have not already had your vehicle inspected, please contact your Hyundai dealer to schedule an appointment to have an engine inspection performed.  Further information about the inspection can be found at www.HyundaiUSA.com/campaign132**

Hyundai has carefully studied whether oil circulation issues in 2011-14 Hyundai Sonatas could cause engine failures.  A potential manufacturing assembly issue coupled with the lack of appropriate periodic maintenance by consumers can increase the risk of engine failure in high mileage vehicles.  Reflecting its commitment to customer satisfaction, Hyundai has announced the following remedies to Sonata owners:

### 2011-2012 Model Year Sonata Owners

Hyundai has initiated a recall campaign for 2011 and 2012 model year Sonata vehicles.  The recall provides that Hyundai will inspect and, if necessary, replace the engine short block assembly free of charge.  Particularly if they are experiencing sluggish engine performance, engine knocking noise due to a worn connecting rod bearing, or illumination of their check engine or oil warning lights, 2011-2012 Sonata owners should contact their local Hyundai dealer to schedule an appointment to have their recall inspection performed.  Further information regarding the campaign can be found at www.HyundaiUSA.com/campaign132

including the ability to research whether this vehicle has already been inspected under the campaign or, alternatively, to schedule your campaign inspection on the website.

In addition, Hyundai has extended the Powertrain Warranty for the engine short block assembly to 10 years/120,000 miles from the date of first use  for both original and subsequent owners of the vehicle.  The extension of the Powertrain Warranty for the short block assembly covers the cost of an inspection of the engine short block and all repair costs.

2013-2014 Model Year Sonata Owners

Due to changes in manufacturing assembly processes for the 2013 and 2014 model year Sonata vehicles, Hyundai does not believe that owners of these vehicles will experience the same engine issues.  Nevertheless, Hyundai has extended the warranty on the engine short block assembly to 10 years/120,000 miles from the date of first use  for both original and subsequent owners of these vehicles.  The extension of the Powertrain Warranty for the short block assembly covers the cost of an inspection of the engine short block and all repair costs.

If you should you experience any issues, please contact your local Hyundai dealer.

In addition to the extension of the Powertrain Warranty for the engine short block assembly, if your vehicle does require an engine short block assembly repair, the Hyundai dealer will provide a loaner vehicle if requested.  If a loaner vehicle is unavailable, Hyundai will provide full reimbursement of reasonable rental car expenses.  Also, if you have to have your vehicle towed for an engine short block repair during the extended Powertrain Warranty period, Hyundai will provide reimbursement of reasonable towing fees.  You may submit your reimbursement request and supporting documentation at www.HyundaiUSA.com/campaign132

You should keep a copy of everything you submit for your records.

Given the critical importance of regular and proper maintenance of your engine, as a convenience, you may use the table on the following page to keep track of your engine's maintenance.

Should you have any questions regarding the information contained in this pamphlet, please contact the Hyundai Customer Care Center at 1-800-633-5151.

Thank you for choosing Hyundai.

| Date | Mileage | Oil Change Location |
|------|---------|---------------------|
|      |         |                     |
|      |         |                     |
|      |         |                     |
|      |         |                     |
|      |         |                     |
|      |         |                     |
|      |         |                     |
|      |         |                     |
|      |         |                     |