1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| IN RE : HYUNDAI SONATA ENGINE LITIGATION | Case No. 5:15-cv-1685-BLF |
| | **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT** |

The parties to this litigation have entered into a Settlement Agreement, which if approved, would resolve this putative class action. Plaintiffs Beth Graham and Elizabeth Mendoza have filed a motion for preliminary approval of the settlement, which Defendant Hyundai Motor America ("HMA") supports. The Court has read and considered the Settlement Agreement and all exhibits thereto, including the proposed Claim Form, Long Form Notice, and Pamphlet, and finds that there is sufficient basis for (1) granting preliminary approval of the settlement, (2) certifying the proposed class for settlement purposes, (3) appointing Plaintiffs' counsel as Class Counsel, (4) ordering dissemination of class notice, and (5) setting a schedule for final settlement approval.

The Court now GRANTS the motion for preliminary approval and makes the following findings and orders:

1.      Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement.

2.      The Court preliminarily certifies the following settlement class ("Class") pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All owners and lessees of a Class Vehicle who purchased or leased the Class Vehicle in the United States, excluding the territories, or abroad while on active military duty.

> Excluded from the Class are all claims for death, personal injury, property damage, and subrogation. Also excluded from the Class are HMA; any affiliate, parent, or subsidiary of HMA; any entity in which HMA has a controlling interest; any officer, director, or employee of HMA; any successor or assign of HMA; any judge to whom this Action is assigned, his or her spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons.

> "Class Vehicles" refer to all 2011, 2012, 2013, and 2014 model year Hyundai Sonata vehicles factory equipped with a Theta II 2.0 liter or 2.4 liter gasoline direct injection engine, which were purchased or leased in the United States, excluding the territories, or abroad while a Class member was on active military duty.

This Class is certified with respect to the following causes of action:

> Any claims that are based on (i) the facts alleged in any complaint filed in *In re: Hyundai Sonata Engine Litigation,* No. 5:15-cv-1685 (N.D. Cal.), inclusive of the underlying cases that were consolidated, and all legal claims of whatever type or description arising out of, that may have arisen as a result of, or which could have been brought based on, any of the facts, acts, events, transactions, occurrences, courses of

1

conduct, representations, omissions, circumstances or other matters pleaded in complaints filed in *In re: Hyundai Sonata Engine Litigation,* No. 5:15-cv-1685 (N.D. Cal.), inclusive of the underlying cases that were consolidated, (ii) oil consumption, oil maintenance, engine repairs or replacement related to oil maintenance for the Class Vehicles, or engine durability related to oil maintenance for the Class Vehicles, or (iii) marketing or advertising for the oil consumption, oil maintenance, engine repairs or replacement related to oil maintenance for the Class Vehicles, or engine durability related to oil maintenance for the Class Vehicles.  Excluding claims for (i) death, (ii) personal injury, (iii) damage to tangible property other than a Class Vehicle, or (iv) subrogation.

3.      The Court appoints Eric H. Gibbs and David Stein of Gibbs Law Group LLP and Joseph G. Sauder and Matthew D. Schelkopf of McCuneWright LLP to serve as settlement Class Counsel, and Beth Graham and Elizabeth Mendoza as class representatives for the settlement class

4.      The Court directs HMA to fulfill its notice duties and responsibilities specified in this Order and the Settlement Agreement.

5.      The Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure are met.  Joinder of all members of the Class in a single proceeding would be impractical, if not impossible, because of their numbers and dispersion.  In considering the proposed settlement class, common issues exist among Class members and predominate over questions affecting only individual Class members; in particular, each Class member's claims depend on whether the engine installed in their vehicles is defective.  Plaintiffs' claims are typical of those of the Class, as Plaintiffs own Class Vehicles and complain of the same engine defect that forms the basis of all Class members' claims. Plaintiffs and their counsel will fairly and adequately protect the interests of the Class; Plaintiffs have no interests antagonistic to those of the Class, and have retained counsel experienced and competent to prosecute this matter on behalf of the Class.  Finally, a class settlement is superior to other available methods for a fair resolution of the controversy and manageable as a class action for settlement purposes.

6.      The Court preliminarily approves the proposed settlement, finding that its terms appear sufficiently fair, reasonable, and adequate to warrant dissemination of notice of the proposed settlement to the Class.  The Court finds that the settlement contains no obvious deficiencies, falls within the range of possible approval, and that the parties entered into the settlement in good faith, following arms-length negotiations between their respective counsel with the assistance of a neutral mediator.

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT
CASE NO. 5:15-CV-1685-BLF

7.    The Court hereby approves the form and procedure for disseminating notice of the proposed settlement to the Class set forth in the Settlement Agreement.  The Court finds that the notice to be given constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to the Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution.

8.    By September 28, 2016 (the "Notice Date"), HMA shall provide all reasonably identifiable Class members with a long form notice and a claim form by direct U.S. mail.  The long form notice shall be substantially in the form of the document attached as **Exhibit A** to this Order, which has been  revised as directed by the Court at the hearing on June 23, 2016, and the telephonic conference on July 1, 2016.  The claim form shall be substantially in the form of the document attached as Exhibit B to the Settlement Agreement.  For the purposes of determining the names and addresses of all Class members, HMA agrees to provide, to the extent it has not already done so, all names and addresses of Class Vehicle owners, along with Class Vehicle VINs, to R.L. Polk & Company, or a similar third-party entity, who shall be authorized to use that information to obtain the names and most current addresses of Class Vehicle owners through state agencies.  HMA shall also conduct an address search through the United States Postal Service's National Change of Address database to update the address information for Class Vehicle owners.  For each individual notice that is returned as undeliverable, HMA shall use its best efforts to conduct an advanced address search using HMA's customer database information regarding the Class Vehicle owner to obtain a deliverable address.  HMA shall also provide each Class member for whom it maintains an email address a hyperlink to the settlement website and electronic versions of the long form notice and a claim form.

9.    HMA shall maintain a settlement website, subject to the approval of Class Counsel, which will contain: (i) instructions on how to obtain reimbursements; (ii) a mechanism by which Class members can submit Claims; (iii) instructions on how to contact HMA for assistance with their Claims; (iv) the Long Form Notice; (v) the Pamphlet; (vi) the Claim Form; (vii) the Settlement Agreement; (viii) any orders issued by the Court approving or disapproving of the proposed settlement; and (ix) any other information the Class Representatives and HMA determine is relevant to the settlement.

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT
CASE NO. 5:15-CV-1685-BLF

10.     HMA shall maintain a dedicated toll free telephone number for Class members to call. HMA shall be prepared, through its customer service department, to respond to questions regarding the status of submitted Claims, how to submit a Claim, and other aspects of this settlement.

11.     By no later than December 1, 2016, HMA shall provide Class Counsel with the total number of notices sent to Class members by U.S. mail and email, along with the numbers of notices returned as undeliverable.

12.     HMA shall comply with the requirements of 28 U.S.C. § 1715(b) and serve notice of the proposed settlement upon the appropriate federal official and the appropriate State official of each State in which a Class member resides.

13.     As set forth in the Settlement Agreement, HMA shall bear all costs of Class notice and settlement administration.

14.     By no later than December 1, 2016, HMA shall provide an affidavit for the Court, with a copy to Class Counsel, attesting that notice was disseminated in a manner consistent with the Settlement Agreement.

15.     A hearing on entry of final approval of the settlement, an award of fees and expenses to Class Counsel, and service awards to the Class Representatives shall be held at 2:00 p.m. on December 15, 2016, in Courtroom 3 of the United States District Court for the Northern District of California, 280 South 1st Street, San Jose, California.  At the final approval hearing, the Court will consider: (a) whether the settlement should be approved as fair, reasonable, and adequate for the Class, and judgment entered on the terms stated in the settlement; and (b) whether Plaintiffs' application for an award of attorney fees and expenses to Class Counsel and service awards to Class Representatives ("Fee Application") should be granted.

16.     Any Class member shall have the right to opt out of the Class and the settlement by mailing or delivering a written request for exclusion to HMA's counsel at the address set forth in the Long Form Notice.  Any request for exclusion must be postmarked or delivered not later than November 7, 2016.  Any request for exclusion shall (i) state the Class member's full name and current address, (ii) provide the model year and Vehicle Identification Number ("VIN") of his/her/its Class Vehicle(s) and the approximate date(s) of purchase or lease, and (iii) specifically and clearly state

4

his/her/its desire to be excluded from the settlement and from the Class.  Failure to comply with these requirements and to timely submit the Request for Exclusion will result in the Class member being bound by the terms of the settlement.  Any repairs performed pursuant to the Extended Warranty provided by the Settlement Agreement during the notice period shall preclude the Class members who received such repairs from opting out of the Class.  Any Class member who submits a timely request for exclusion may not file an objection to the settlement and shall be deemed to have waived any rights or benefits under the settlement.  HMA shall report the names of all Class members who have submitted a request for exclusion to Class Counsel on a weekly basis, beginning on October 28, 2016.

17.   Counsel for the parties shall file memoranda, declarations, or other statements and materials in support of the request for final approval of the parties' settlement no later than September 28, 2016.

18.   Class Counsel shall file an application for an award of attorneys' fees and costs and for service awards to the named Plaintiffs ("Fee Application") no later than September 28, 2016.

19.   Any Class member who wishes to object to the Settlement must, no later than November 7, 2016, submit a written notice of objection to HMA's counsel and Class Counsel at the addresses set forth in the Long Form Notice.  To state a valid objection, an objecting Class member must provide the following information in his, her, or its written objection: (i) his/her/its full name, current address, and current telephone number; (ii) the model year and VIN of his/her/its Class Vehicle(s); (iii) a statement of the objection(s), including all factual and legal grounds for the position; (iv) copies of any documents the objector wishes to submit in support; and (v) sign and date the objection.  In addition, any Class member objecting to the settlement shall provide a detailed list of any other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court, whether state, federal, or otherwise, in the United States in the previous five years.  If the Class member or his or her counsel has not made any such prior objection, the Class member shall affirmatively so state in the written materials provided with the objection.  If the objecting Class member intends to appear, in person or by counsel, at the final approval hearing, the objecting Class member must so state in the objection as specified above by November 7, 2016, or separately send a Notice of Intent to Appear to HMA's counsel and Class Counsel at the addresses set

5

forth in the Long Form Notice by November 28, 2016.  To submit a valid Notice of Intent to Appear, the Notice must provide the following information in his, her, or its Notice:  (i) his/her/its full name, current address, and current telephone number; (ii) the model year and VIN of his/her/its Class Vehicle(s); (iii) identities of any attorneys who will appear on behalf of him, her, or it; and (iv) sign the Notice.  Any Class member who does not state his or her intention to appear in accordance with the applicable deadlines and other specifications, or who has not filed an objection in accordance with the applicable deadlines and other specifications, will be deemed to have waived any objections to the settlement and can be barred from speaking or otherwise presenting any views at the final approval hearing.

20.     The filing of an objection allows Class Counsel or counsel for HMA to notice such objecting person for and take his, her, or its deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location, and to seek any documentary evidence or other tangible things that are relevant to the objection.  Failure by an objector to make himself/herself/itself available for a deposition or comply with expedited discovery requests may result in the Court striking the objection and otherwise denying that person the opportunity to be heard.  The Court may tax the costs of any such discovery to the objector or the objector's counsel should the Court determine that the objection is frivolous or made for improper purpose.

21.     These procedures and requirements for objecting are intended to ensure the efficient administration of justice and the orderly presentation of any Class member's objection to the Settlement Agreement, in accordance with the due process rights of all Class members.

22.     No later than December 1, 2016, the parties shall file any reply in support of final approval of the settlement and Plaintiffs shall file any reply in support of the Fee Application.

23.     The Court reserves the right to adjust the date of the final approval hearing and related deadlines.  In that event, the revised hearing date or deadlines shall be posted on the settlement website(s) referred to in the long form notice, and the parties shall not be required to re-send or re-publish notice to the Class.

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT
CASE NO. 5:15-CV-1685-BLF

1

2  Dated: Lun(": ."4238

3                                    BETH LABSON FREEMAN
                                     United States District Court Judge
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT
CASE NO. 5:15-CV-1685-BLF

EXHIBIT A

<span style="font-variant: small-caps;">United States District Court for the Northern District of California</span>

# If you bought or leased a 2011-2014 model year Hyundai Sonata, you could benefit from a class action settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- Lawsuits filed against Hyundai Motor America and Hyundai Motor Company alleged that an engine defect may cause stalling, engine noise, or oil lamp illumination in the 2011-2014 Hyundai Sonata with a 2.0 liter or 2.4 liter gasoline direct injection engine.

- The settlement extends the Powertrain Warranty for the engine short block assembly. It also provides cash reimbursements for certain repairs and repair-related expenses, such as rental cars and towing. The settlement also provides cash reimbursement for certain trade-ins and sales of unrepaired vehicles.

- To qualify you must have bought or leased a "Class Vehicle," which are 2011, 2012, 2013, and 2014 model year Hyundai Sonatas with a Theta II 2.0 liter or 2.4 liter gasoline direct injection engine.

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

| <span style="font-variant: small-caps;">Your Legal Rights and Options in this Settlement:</span> | |
|---|---|
| <span style="font-variant: small-caps;">Submit a Claim Form</span> | The only way to get a reimbursement. Not necessary for the extension of the Powertrain Warranty. The deadline to submit a claim is January 26, 2017. |
| <span style="font-variant: small-caps;">Exclude Yourself</span> | Get no payment or extension of the Powertrain Warranty. This is the only option that allows you to ever be part of any other lawsuit against Hyundai about the legal claims in this case. The deadline to submit a request for exclusion is November 7, 2016. |
| <span style="font-variant: small-caps;">Object</span> | Write to the Court about why you don't like the settlement. The deadline to object is November 7, 2016. |
| <span style="font-variant: small-caps;">Go to a Hearing</span> | Ask to speak in Court about the fairness of the Settlement. |
| <span style="font-variant: small-caps;">Do Nothing</span> | Get no reimbursement. Receive the extension of the Powertrain Warranty. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still must decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after appeals are resolved.

- Please visit [website] for a copy of this notice in Spanish.

- 如果您需要了解有关该集体诉讼和解的中文信息，请致电 (xxx) xxx-xxxx.

**BASIC INFORMATION**

### 1.      Why did I get this notice package?

According to the records of Hyundai Motor America, you bought or leased a Class Vehicle in the United States, excluding the territories, or abroad while on active military duty.

The Court has ordered this notice be sent to you because you have a right to know about a proposed settlement of a class action lawsuit and about your options, before the Court decides whether to approve the settlement.  If the Court approves the Settlement and after objections and appeals are resolved, Hyundai Motor America will provide payments and other benefits agreed to in the Settlement.  This notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *In re: Hyundai Sonata Engine Litigation*, No. 5:15-cv-1685-BLF.  You should read this entire notice.

### 2.      What is this lawsuit about?

The people who filed this lawsuit are called Plaintiffs, and the company they sued, Hyundai Motor America, is called the defendant.  The Plaintiffs allege that the Class Vehicles suffer from a defect that can cause engine seizure, stalling, engine noise, and oil light illumination.  The Plaintiffs also allege that engine seizure or stalling can be dangerous if experienced.  The Plaintiffs also allege that some owners and lessees have been improperly denied repairs under the vehicle's warranty.  Hyundai Motor America denies Plaintiffs' allegations.

### 3.      Why is this a class action?

In a class action lawsuit, one or more persons, called "Class Representatives" (in this case Elizabeth Mendoza and Beth Graham), sue on behalf of people who have similar claims.  All these people are a "Settlement Class" or "Settlement Class Members."  One court resolves the issues for all Class Members, except those who exclude themselves from the Settlement Class.  U.S. District Judge Beth L. Freeman is in charge of this class action.

### 4.      Why is there a settlement?

The Class Representatives and Hyundai Motor America agreed to a Settlement to avoid the cost and risk of further litigation, including a potential trial, and so that the Class members can get payments and other benefits, in exchange for releasing Hyundai Motor America from liability.  The Settlement does not mean that Hyundai Motor America broke any laws and/or did anything wrong, and the Court did not decide which side was right.

The Class Representatives and Hyundai Motor America entered into a Settlement Agreement, which has been preliminarily approved by the Court, which authorized the issues of this notice.  The Class Representatives and the lawyers representing them (called "Class Counsel") believe that the Settlement is in the best interest of all Class Members.

This notice summarizes the terms of the Settlement.  The Settlement Agreement along with all exhibits sets forth in greater detail the rights and obligations of all the parties and are available at [settlement website].  If there is any conflict between this notice and the Settlement Agreement, the Settlement Agreement governs.

## WHO IS IN THE SETTLEMENT?

**5.        How do I know if I am part of the settlement?**

Judge Freeman decided that, for the purposes of this proposed settlement, everyone who fits this description is covered by the Settlement:  All owners and lessees of a Class Vehicle who purchased or leased the Class Vehicle in the United States, excluding the territories, or abroad while on active military duty.

However, the Class excludes all claims for death, personal injury, property damage, and subrogation.  The Class also excludes Hyundai Motor America; any affiliate, parent, or subsidiary of Hyundai Motor America; any entity in which Hyundai Motor America has a controlling interest; any officer, director, or employee of Hyundai Motor America; any successor or assign of Hyundai Motor America; any judge to whom this Action is assigned, his or her spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons; and any Settlement Class Member that files a timely and proper Request for Exclusion from the Settlement Class.

**6.        Which Hyundai Sonata vehicles are included?**

The "Class Vehicles," for the purposes of the description in section 5 above, are 2011, 2012, 2013, and 2014 model year Hyundai Sonatas with a Theta II 2.0 liter or 2.4 liter gasoline direct injection engine.

**7.        If I bought or leased a Class Vehicle that has not had problems, am I included?**

Yes.  You don't have to have experienced stalling, engine seizure, engine noise, or oil light illumination to be included in the Settlement.  If you still own or lease a Class Vehicle you will be eligible to take advantage of the Settlement's extension of the Powertrain Warranty, for example.

**8.        I am still not sure if I'm included.**

If you are still not sure whether you are included, you can ask for free help.  You can visit the website at [settlement website].  You can also call [phone number] and ask whether your vehicle is included in the Settlement.  Whether you visit the website or call the toll-free number, you will need to have your Vehicle Identification Number ("VIN") ready.  The VIN is located on a small placard on the top of the dashboard and is visible through the driver's side corner of the windshield.  It also appears on your vehicle registration card and probably appears on your vehicle insurance card.  Your VIN should have 17 characters, a combination of both letters and numbers.

If you have any concerns about your Class Vehicle, you should contact your dealership right away to discuss scheduling an inspection.

| SETTLEMENT BENEFITS – WHAT YOU GET |
|---|

**9.      What does the Settlement provide?**

The Settlement provides the following benefits:

1.      <u>Warranty Extension</u>

Hyundai Motor America is extending the Powertrain Warranty for Class Vehicles.  The extension of the warranty will cover the engine short block assembly consisting of the engine block, crankshaft and bearings, connecting rods and bearings, and pistons for 10 years and 120,000 miles (whichever comes first) from the original sale or lease of the vehicle.  The 10-year / 120,000-mile extension of the warranty continues even if the vehicle is sold.  Also, through December 27, 2016, ***all*** Class Vehicles are eligible for free inspections and, if needed, engine short block assembly repairs, regardless of their current age or mileage.

The extension of the warranty covers all costs of inspections and repairs including, parts, labor, and diagnosis, for the engine short block assembly.  Coverage under the extension of the warranty cannot be denied on the grounds of improper vehicle service or maintenance history (excepting limited exceptional neglect circumstances).

Hyundai dealerships will provide a free loaner vehicle if requested.  If no loaner vehicle is available, Hyundai will provide full reimbursement of reasonable rental car expenses.  (See below for how to make a claim for rental car reimbursements.)

You do <u>not</u> need to submit a Claim Form to receive this extension of the Powertrain Warranty for the engine short block assembly under this Settlement.

<u>Reimbursement for Past Repairs</u>

Money you spent on certain Class Vehicle repairs will be reimbursed in full, based on the following requirements:

**(a) DATE OF REPAIR**

▪  The repair must have been within the new extended warranty period (i.e., within 10 years and 120,000 miles of when the vehicle was first sold or leased), <u>and</u>

▪  The repair must have been before November 9, 2015 for 2011 and 2012 model year vehicles, or September 28, 2016 for 2013 and 2014 model year vehicles.

**(b) TYPES OF "QUALIFYING REPAIRS"**

▪  Any repair to the engine short block assembly (which includes the engine block, crankshaft and bearings, connecting rods and bearings, and pistons).

- ▪ Repairs to any other components (such as the long block assembly, battery, or starter) <u>if</u> paperwork shows the work was an attempt to address (i) engine seizure, (ii) engine stalling, (iii) engine noise, or (iv) illumination of the oil lamp. (Repair costs will not be reimbursed if the paperwork reflects that the repairs were plainly unrelated to the short block assembly).

- ▪ Any replacement of an oil filter based on Hyundai TSB No. 12-EM-006 necessitated by an engine short block assembly issue.

**(c) MAKE A TIMELY CLAIM**

- • See section 10 for how to make your claim using the Claim Form.

* * *

Class members are eligible for a reimbursement even if warranty coverage was denied on grounds of improper service or maintenance (excepting limited exceptional neglect circumstances), and even if the repairs were performed at an independent mechanic.

<u>Reimbursement for Rental Cars, Towing, Etc.</u>

Money you spent on rental cars, towing services, and similar services will also be reimbursed in full, based on the following requirements:

- • The expense was reasonably related to obtaining one of the "qualifying repairs" listed above, <u>and</u>

- • You make a timely claim using the Claim Form.  (See section 10 for how to do so.)

<u>Compensation If You Sold or Traded-In a Class Vehicle</u>

If, before November 9, 2015 for 2011 and 2012 model year vehicles, or September 28, 2016 for 2013 and 2014 model year vehicles, your Class Vehicle (i) experienced an engine seizure, engine stall, engine noise, or illumination of the oil lamp diagnosed as requiring repair of the engine block, and (ii) you sold or traded-in the Class Vehicle without first procuring the recommended repair, you may receive compensation for any effect on fair market value of the Class Vehicle that resulted.

The amount of compensation will be based on the sale or trade-in transaction as a whole (among other considerations).  The vehicle's maintenance history or lack thereof before the repair diagnosis will <u>not</u> be a basis for denying or limiting compensation under this section, however (excepting limited exceptional neglect circumstances).

To be considered for compensation, submit a claim using the Claim Form.  Instructions are provided in section 10 below.  After you submit your claim, you will be contacted by Hyundai Motor America and advised of the process for Hyundai Motor America to evaluate your transaction and propose compensation.  If you are unhappy with the proposal, you can elect telephone arbitration through the Better Business Bureau ("BBB").

<u>Informational Pamphlet</u>

The Settlement provides that HMA will distribute an informational pamphlet to Class Members that provides further recommended guidance on the maintenance of the engines in the Class Vehicles and that reminds Class Members of the available inspections and repairs.

## HOW YOU GET A REIMBURSEMENT – SUBMITTING A CLAIM FORM

**10.    How can I get a reimbursement?**

- Fill out the Claim Form (paper or online), <u>and</u>

- Include the documentation specified on the Claim Form, <u>and</u>

- Submit online, mail, or email the Claim Form to the address listed on the Claim Form, <u>and</u>

- Do so by January 26, 2017 unless your claims is for rental car or towing costs incurred in the future, in which case you have 120 days from incurring those costs.

Please keep a copy of your completed Claim Form and all documentation you submit for your own records.

If you fail to submit a Claim Form and supporting documents by the required deadline, you will not get paid.  Sending in a Claim Form late or without required documentation will be the same as doing nothing.

**11.    When would I get my reimbursement?**

The Hon. Beth L. Freeman, U.S. District Court Judge, will hold a Fairness Hearing on December 15, 2016 at 2:00 p.m. in Courtroom 3 at the U.S. District Court for the Northern District of California, San Jose Courthouse, 280 South 1st Street, San Jose, California 95113, to decide whether to approve the Settlement (The hearing may be rescheduled without further notice.  To obtain updated scheduling information, see the [settlement website].)  If the Court approves the Settlement, there may be appeals afterwards.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  Please be patient.

You may continue to check on the progress of the Settlement by visiting the website [settlement website] or calling [settlement toll-free number].  **Payments under the Settlement will begin once the Settlement has been finally approved by the Court and any appeals from that decision are completed.**

**12.    What am I giving up to get the extension of the Powertrain Warranty, reimbursements, or to stay in the Settlement Class?**

Unless you exclude yourself in writing as described in the answer to Question 13, you will be treated as part of the Settlement Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Hyundai Motor America, Hyundai Motor Company, Hyundai Motor Group, affiliates of Hyundai Motor Group, or other related entities or individuals (listed in the Settlement Agreement, which you can view at [settlement website]) about the legal issues in *this* case if the Settlement is approved.  It also means that all of the Court's orders will apply to you and legally bind you.

However, nothing in this Settlement will prohibit you from pursuing claims for: (i) personal injury; (ii) damage to property other than to a Class Vehicle; or (iii) any and all claims that relate to something other than a Class Vehicle.

If you have any questions about the scope of the legal claims you give up by staying the Settlement Class, you may view Section VI of the Settlement Agreement (available at [settlement website]) or you contact the lawyers representing the Settlement Class:

| | |
|---|---|
| Matthew D. Schelkopf<br>MCCUNEWRIGHT, LLP<br>1055 Westlakes Drive, Ste. 300<br>Berwyn, Pennsylvania 19312<br>Telephone: (909) 557-1250<br>Facsimile: (909) 557-1275<br>mds@mccunewright.com | Eric Gibbs<br>GIBBS LAW GROUP LLP<br>505 14th Street, Suite 1110,<br>Oakland, California 94612<br>Telephone: (510) 350-9700<br>Facsimile: (510) 350-9701<br>ehg@classlawgroup.com |

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want the extension of the Powertrain Warranty or reimbursements from this settlement, but you want keep the right to sue or continue to sue Hyundai Motor America, Hyundai Motor Company, Hyundai Motor Group, affiliates of Hyundai Motor Group, or other related entities or individuals, on your own, about the legal issues in this case, then you must take steps to get out of the Settlement Class. This is called excluding yourself—or is sometimes referred to as opting out of the Settlement Class.

### 13.    How do I get out of the Settlement?

To exclude yourself from the Settlement, you must send a letter by U.S. mail (or an express mail carrier) saying that you want to "opt-out of" or "be excluded from" the Class Settlement in *In re: Hyundai Sonata Engine Litigation*, No. 5:15-cv-1685-BLF. Be sure to include (i) your full name and current address, (ii) the model year, approximate date(s) of purchase or lease, and Vehicle Identification Number ("VIN") of your vehicle (which is located on a placard on the top of the dashboard visible through the driver's side corner of the windshield), and (iii) clearly state your desire to be excluded from the settlement and from the Class. You must mail your exclusion request postmarked no later than November 7, 2016 to:

| **Defense Counsel** |
|---|
| Shon Morgan |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| 865 S. Figueroa St., 10th Floor |
| Los Angeles, California 90017 |

You can't exclude yourself on the phone or by e-mail.  Please keep a copy of any exclusion (or opting out) letter for your records.

If you ask to be excluded, you will not get any Settlement benefits—no extension of the Powertrain Warranty and no reimbursements—and you cannot object to the Settlement.  You will not be legally bound by anything that happens in this lawsuit.  Depending on the laws in your state, you may be able to sue (or continue to sue) Hyundai Motor America, Hyundai Motor Company, Hyundai Motor Group, affiliates of Hyundai Motor Group, or other related entities or individuals in the future.

Any repairs performed pursuant to the Settlement's extension of the Powertrain Warranty on your Class Vehicle shall preclude you from excluding yourself from the Class.

### 14.     If I don't exclude myself, can I sue for the same thing later?

No.  Unless you exclude yourself, you give up the right to sue Hyundai Motor America, Hyundai Motor Company, Hyundai Motor Group, affiliates of Hyundai Motor Group, and other related entities or individuals for the claims that this Settlement resolves.

If you have a pending lawsuit against Hyundai Motor America or the related entities listed in the prior paragraph, speak to your lawyer in that lawsuit immediately.  You must exclude yourself from *this* Settlement Class to continue your own lawsuit if it concerns the same legal issues in this case. Remember, the exclusion deadline is November 7, 2016.

### 15.     If I exclude myself, can I get the benefits of this Settlement?

No.  If you exclude yourself, do not send in a Claim Form to ask for any reimbursement and do not seek repairs under the Settlement's extension of the Powertrain Warranty.  But, you may sue, continue to sue, or be part of a different lawsuit against Hyundai Motor America, Hyundai Motor Company, Hyundai Motor Group, affiliates of Hyundai Motor Group, and other related entities or individuals for the claims that this Settlement resolves.

---

## THE LAWYERS REPRESENTING YOU

---

### 16.     Do I have a lawyer in this case?

The Court has appointed Eric H. Gibbs and David Stein of Gibbs Law Group LLP and Matthew D. Schelkopf and Joseph G. Sauder of McCuneWright, LLP to represent you and other Settlement Class Members.  Together these lawyers are called Class Counsel.  You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own cost.

### 17.     How will the lawyers be paid and will the Settlement Class representatives receive service payments?

Class Counsel will ask the Court for attorneys' fees and expenses up to $795,000.00, and a payment of $2,500.00 for the two named Settlement Class representatives, Beth Graham and Elizabeth Mendoza.  It

will be up to the Court to decide whether Hyundai Motor America will be ordered to pay any of those fees or expenses.  The Court may award less than the amounts requested by Class Counsel.  Hyundai Motor America will separately pay the fees and expenses and service payments that the Court awards.  These amounts will not come out of the funds for payments to Settlement Class Members.  Hyundai Motor America has agreed not to oppose these fees and expenses and service awards.

Hyundai Motor America will also separately pay the costs to administer the settlement.  The payment of settlement administration costs will not come out of the funds for payments to Settlement Class Members.

---

## OBJECTING TO THE SETTLEMENT

---

You can tell the Court that you don't agree with the Settlement or some part of it.

### 18.      How do I tell the Court that I like or dislike the Settlement?

If you are a member of the Settlement Class, you can object to the settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.

To object, you must mail a letter saying that you object to both of these addresses:

| Defense Counsel | Class Counsel |
|---|---|
| Shon Morgan | Eric Gibbs |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | GIBBS LAW GROUP LLP |
| 865 S. Figueroa St., 10th Floor | 505 14th Street, Suite 1110, |
| Los Angeles, California 90017 | Oakland, California 94612 |

The letter must state that you are objecting to the Settlement in *In re: Hyundai Sonata Engine Litigation*, No. 5:15-cv-1685-BLF.  You must include: (i) your full name, current address, and current telephone number; (ii) the model year and VIN of your Class Vehicle(s); (iii) a statement of your objection(s), including all supporting factual and legal grounds; (iv) copies of any documents you wish to submit in support; (v) your signature and the date of the objection, and (vi) a list of any other objections submitted by you, or your lawyer, to any class action settlements submitted in any court in the United States in the previous five years (and if you or your counsel have made no such objections, you must affirmatively so state).

You must also state in your objection if you intend to appear, in person or by counsel, at the final approval hearing, or separately send a Notice of Intent to Appear as described in section 22.  If you intend to have counsel appear on your behalf, you must identify all attorneys representing you who will appear.

Submitting an objection allows Class Counsel or counsel for Hyundai Motor America to notice your deposition and to seek any documentary evidence or other tangible things that are relevant to your objection.  Failure to make yourself available for such a deposition or comply with expedited discovery requests may result in the Court striking your objection or denying you the opportunity to be heard.  The Court may require you or your counsel to pay the costs of any such discovery should the Court determine the objection is frivolous or made for improper purpose.

Mail the objection postmarked no later than November 7, 2016.

If you do not state your intention to appear in accordance with the applicable deadlines and specifications, or you do not submit an objection in accordance with the applicable deadlines and specifications, you will waive all objections and can be barred from speaking at the final approval hearing.

### 19.    What is the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the Settlement.  You can object only if you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class and the settlement.  If you exclude yourself, you have no basis to object because the case no longer affects you.

| THE COURT'S FAIRNESS HEARING |
| :---: |

The Court will hold a hearing to decide whether to approve the settlement.  You may attend and you may ask to speak, subject to the requirements above, but you don't have to.

### 20.    When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing at 2:00 p.m. on December 15, 2016 in Courtroom 3 of the United States District Court for the Northern District of California, San Jose Division, San Jose Courthouse, 280 South 1st Street, San Jose, California 95113.  At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay Class Counsel and whether to approve the class representatives' service awards.  After the hearing, the Court will decide whether to finally approve the Settlement.  We do not know how long these decisions will take.

The hearing may be rescheduled without further notice to you.  Updated scheduling information will be available at [settlement website].

### 21.    Do I have to come to the hearing?

No.  Class Counsel will answer questions Judge Freeman may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it.  You may also attend or pay your own lawyer to attend, but it's not necessary.

**22.   May I speak at the hearing?**

You may ask the Court's permission to speak at the Fairness Hearing.  To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *In re: Hyundai Sonata Engine Litigation*, No. 5:15-cv-1685" or state in your objections that you intend to appear at the hearing.  Be sure to include your name, address, telephone number, the model year and VIN for your Class Vehicle(s), and signature, as well as the identities of any attorneys who will represent you.  Your Notice of Intention to Appear must be postmarked no later than November 28, 2016, and be sent to Class Counsel and Defense Counsel, at the following addresses:

| Defense Counsel | Class Counsel |
|---|---|
| Shon Morgan | Eric Gibbs |
| QUINN EMANUEL URQUHART & SULLIVAN, LLP | GIBBS LAW GROUP LLP |
| 865 S. Figueroa St., 10th Floor | 505 14th Street, Suite 1110, |
| Los Angeles, California 90017 | Oakland, California 94612 |

**IF YOU DO NOTHING**

**23.   What happens if I do nothing at all?**

If you do nothing, you'll get no reimbursements from this Settlement, though you will be entitled to the benefits of the extension of the Powertrain Warranty (if you continue to own or lease your Class Vehicle).  But, unless you exclude yourself, you won't be able to start a lawsuit, continue a lawsuit, or be part of any other lawsuit against Hyundai Motor America, Hyundai Motor Company, Hyundai Motor Group, affiliates of Hyundai Motor Group, or other related entities or individuals about the legal issues in this case, ever again.

**GETTING MORE INFORMATION**

**24.   Are there more details about the settlement?**

This notice summarizes the proposed Settlement.  More details are in a Settlement Agreement, which you can view at [settlement website].

Neither Hyundai Motor America nor the Class Representatives make any representation regarding the tax effects, if any, of receiving any benefits under this Settlement.  Consult your tax adviser for any tax questions you may have.

**25.    How do I get more information?**

You can call [number] toll free or visit [settlement website], where you will find information and documents about the settlement, a Claim Form, plus other information.  You may also contact Class Counsel listed in response to Question 12.


**Other than a request to review the Court's files at the Clerk of the Court's Office, please do not contact the Clerk of the Court or the Judge with questions.**