Eric H. Gibbs (SBN 178658)
David Stein (SBN 257465)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
ehg@classlawgroup.com
ds@classlawgroup.com

Joseph G. Sauder (*pro hac vice*)
Matthew D. Schelkopf (*pro hac vice*)
**MCCUNEWRIGHT LLP**
1055 Westlakes Drive, Suite 300
Berwyn, Pennsylvania 19312
Telephone: (610) 200-0581
jgs@mccunewright.com
mds@mccunewright.com

*Co-Lead Interim Class Counsel*

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE : HYUNDAI SONATA ENGINE LITIGATION | Case No. 5:15-cv-1685-BLF<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES, COSTS, AND SERVICE AWARDS**<br><br>Date: December 15, 2016<br>Time: 2:00 p.m.<br>Judge: Hon. Beth Labson Freeman<br>Courtroom: 3 |

## **TABLE OF CONTENTS**

NOTICE OF MOTION ..................................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................................2

I. INTRODUCTION ...........................................................................................................2

II. OVERVIEW OF CLASS COUNSEL'S WORK IN THE CASE ...................................2

    A. Pre-Filing Investigation and Complaint Preparation (Oct. 2014 – May 2015).................2

    B. Continued Investigation and Case Coordination (May 2015 – Aug. 2015) .....................3

    C. Settlement Meeting and Formal Mediation (Aug. 2015 – Nov. 2015).............................3

    D. Negotiation of Settlement Agreement and Preparation of Preliminary
       Approval Papers (Nov. 2015 – April 2016)........................................................................4

    E. Preliminary Approval Hearing, Class Member Communications,
       Final Approval and Fee Briefing (April 2016 – Present) ..................................................4

III. ARGUMENT ....................................................................................................................5

    A. The Court's Role in Evaluating the Agreed-Upon Fee to Be Paid By Hyundai...............5

    B. Plaintiffs Are Entitled To A Fee Under California Law....................................................6

    C. The Negotiated Fee Is Reasonable Under California's Lodestar Method. .......................6

       1. Class Counsel's Time Was Reasonable Spent.........................................................7

       2. Class Counsel's Hourly Rates Fall Within the Range of Rates Prevailing
          in the Community and Have Been Previously Approved. ....................................9

       3. Class Counsel's Effective Multiplier Is Below That Typically Awarded In
          Contingent Litigation ..............................................................................................11

    D. The Service Awards Requested for Plaintiffs Are Reasonable and Appropriate. ...........13

IV. CONCLUSION...............................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Aarons v. BMW of N. Am., LLC*, No. CV 11-7667 PSG CWX,
    2014 WL 4090564 (C.D. Cal. Apr. 29, 2014) ...............................................................12

*Bohannon v. Facebook, Inc.*,
    No. 12-CV-01894-BLF, 2016 WL 3092090 (N.D. Cal. June 2, 2016) .........................8

*Browne v. Am. Honda Motor Co.*,
    No. CV 09-06750-MMM, 2010 WL 9499073 (C.D. Cal. Oct. 5, 2010) .......................9

*Ebarle v. Lifelock, Inc.*,
    No. 15-CV-00258-HSG, 2016 WL 5076203 (N.D. Cal. Sept. 20, 2016) ....................13

*Eisen v. Porsche Cars N. Am., Inc.*, No. 2:11-CV-09405-CAS,
    2014 WL 439006 (C.D. Cal. Jan. 30, 2014) ..........................................................8, 12

*Fox v. Vice*,
    563 U.S. 826 (2011) .......................................................................................................8

*Graham v. DaimlerChrysler Corp.*,
    34 Cal. 4th 553 (2004) ..................................................................................................6

*In re Bluetooth Headset Products Liab. Litig.*,
    654 F.3d 935 (9th Cir. 2011) .........................................................................................5

*In re Consumer Privacy Cases*,
    175 Cal. App. 4th 545 (2009) .......................................................................................7

*In re Magsafe Apple Power Adapter Litig.*,
    No. 5:09-CV-01911-EJD, 2015 WL 428105 (N.D. Cal. Jan. 30, 2015) ...............10, 11

*Ketchum v. Moses,*
    24 Cal. 4th 1122 (2001) .........................................................................................11, 12

*Kim v. Euromotors West/The Auto Gallery*,
    149 Cal. App. 4th 170 (2007) .......................................................................................6

*Laffitte v. Robert Half Int'l Inc.*,
    376 P.3d 672 (Cal. 2016) ..............................................................................................7

*MacDonald v. Ford Motor Co.*,
    No. 13-CV-02988-JST, 2016 WL 3055643 (N.D. Cal. May 31, 2016) ................10, 11

*Mangold v. California Public Utilities Commission*,
    67 F.3d 1470 (9th Cir. 1995) .........................................................................................6

*Parkinson v. Hyundai Motor America,*
    796 F. Supp. 2d 1160 (C.D. Cal. 2010) ........................................................................... 12

*Rodriguez v. W. Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) ............................................................................................ 13

*Sadowska v. Volkswagen Grp. of Am.,*
    No. CV 11-00665-BRO AGRX, 2013 WL 9600948 (C.D. Cal. Sept. 25, 2013) ..................... 8, 11

*Schuchardt v. Law Office of Rory W. Clark*,
    314 F.R.D. 673 (N.D. Cal. 2016) ...................................................................................... 11

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ......................................................................................... 5, 7

*Sugarman v. Ducati N. Am., Inc.,* No. 5:10-CV-05246-JF,
    2012 WL 113361 (N.D. Cal. Jan. 12, 2012) ....................................................................... 8

*Wershba v. Apple Computer, Inc.,*
    91 Cal. App. 4th 224 (2001) ............................................................................................ 11

*Winterrowd v. Am. Gen. Annuity Ins. Co.,*
    556 F.3d 815 (9th Cir. 2009) ............................................................................................. 7

**<u>Statutes</u>**

Cal. Civ. Code § 1780(e) ........................................................................................................ 6

Cal. Code of Civ. Proc. § 1021.5 ............................................................................................ 6

**<u>Rules</u>**

Fed. R. Civ. P. 23(h) .............................................................................................................. 5

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on December 15, 2016, at 2:00 p.m. before the Honorable Beth Labson Freeman in Courtroom 3, 5th Floor of the United States District Court for the Northern District of California, San Jose Division, located at 280 South 1st Street, San Jose, California 95113, Plaintiffs Elizabeth Mendoza and Beth Graham will and hereby do move for an order awarding class counsel $795,000 in attorney fees and expenses, and awarding $2,500 each to Plaintiffs Mendoza and Graham.

Plaintiffs' motion is based on this notice; the accompanying the Memorandum of Points and Authorities, declarations of Eric H. Gibbs, Benjamin F. Johns, and Richard McCune; Proposed Final Order and Judgment; and all other papers filed and proceedings had in this action.

DATED: September 28, 2016　　　　　　　Respectfully submitted,

By: /s/ *Eric H. Gibbs*

Eric H. Gibbs
David Stein
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701

Joseph G. Sauder (*pro hac vice*)
Matthew D. Schelkopf (*pro hac vice*)
**MCCUNEWRIGHT LLP**
1055 Westlakes Drive, Suite 300
Berwyn, Pennsylvania 19312
Telephone: (610) 200-0581

*Co-Lead Interim Class Counsel*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Having achieved the goals of this lawsuit and negotiated a class settlement that will provide nearly a million 2011-2014 Hyundai Sonata owners with timely and comprehensive relief for a serious engine defect, Class counsel have a claim for attorney fees and expenses under two California fee-shifting statutes. Rather than litigating the appropriate amount of this fee award, however, the parties have settled on $795,000 for both fees and expenses—a figure that is within the range of fees that the Court might have awarded in a contested motion.

Plaintiffs now request that the Court approve the fee authorized by the parties' agreement under Rule 23(h) of the Rules of Civil Procedure. The lodestar analysis used to calculate fees under California law confirms that the agreed-upon fee is reasonable. Class counsel has spent 1,962 hours over the past year and a half working on behalf of the class, which at their current hourly billing rates amounts to a lodestar value of $882,201. That means that the fee Hyundai has agreed to pay includes an effective multiplier of between 0.90 (if the entire $795,000 is attributed to fees) and 0.86 (if counsel's litigation costs are first deducted from the $795,000 figure). That multiplier will decrease even further as class counsel continue to fulfill their post-settlement obligations to the class. In light of the contingency risk class counsel undertook and the positive results they achieved, both of which could have supported a significantly higher multiplier in a contested proceeding, the amount of attorney fees and expenses Hyundai has agreed to pay reflects a rational and arm's-length decision. It may therefore be approved as reasonable under Rule 23(h).

Class counsel also requests that the Court approve service awards of $2,500 to both Plaintiff Mendoza and Plaintiff Graham. This amount is modest in comparison to typical service awards, and takes into account the fact that the litigation was relatively short-lived, while also appropriately recognizing the contributions that Plaintiffs have made on behalf of similarly-situated Sonata owners.

**II.   OVERVIEW OF CLASS COUNSEL'S WORK IN THE CASE**

   **A.   Pre-Filing Investigation and Complaint Preparation (Oct. 2014 – May 2015)**

Before initiating this litigation, Plaintiffs' counsel devoted substantial time and energy to investigating the underlying facts and developing their allegations. They reviewed details provided by

50 Sonata owners who contacted them directly, interviewing 30 of these drivers regarding their experiences. (Gibbs Decl., ¶ 4; Johns Decl., ¶ 6; McCune Decl., ¶ 22.) They also reviewed over hundred online complaints, conducted factual research into the Sonata's rotating assembly, and consulted with an automotive express to assess how the range of symptoms reported by Sonata drivers might be related and to identify potential root causes. (*Id.*) One of their automotive experts also conducted a tear down and analysis of a failed Sonata engine. (Johns Decl., ¶ 6.) Collectively, these efforts allowed Plaintiffs to plead fairly detailed complaints that reflected a solid understanding of the technology and vehicles at issue.

### B. Continued Investigation and Case Coordination (May 2015 – Aug. 2015)

Following the filing of the *Mendoza* and *Graham* class action complaints, plaintiffs' counsel worked together and with Hyundai's counsel to establish an agreed-upon case management structure. (Gibbs Decl., ¶ 6; Johns Decl., ¶ 6.) They stipulated to relate the two cases as well as to appoint interim class counsel. At the same time, they were continuing to investigate the alleged engine defect, speaking with over a hundred additional Sonata owners and reviewing complaints received from a hundred more Sonata owners. (Gibbs Decl., ¶ 6.) The feedback they received from class members assisted in class counsel's efforts to establish a connection between the various symptoms reported by Sonata owners, to show that those symptoms did not reflect isolated issues, and to establish evidence of supporting allegations of a systematic policy by Hyundai to deny warranty coverage to a large percentage of Sonata owners.

### C. Settlement Meeting and Formal Mediation (Aug. 2015 – Nov. 2015)

Based on their conversations with class members and the likelihood that engine failures would continue to mount, counsel knew that time was of the essence for Sonata owners and expended a considerable amount of time convincing Hyundai to address this issue sooner rather than later. In September 2015, class counsel held a confidential settlement meeting with Hyundai's counsel and one of its engineering representatives, allowing for candid and highly informed discussions regarding Plaintiffs' allegations and Hyundai's defenses. (Gibbs Decl., ¶ 8; Johns Decl., ¶ 6; McCune Decl., ¶ 26.) The parties subsequently agreed to formal mediation before Judge James P. Kleinberg (Ret.) of

JAMs, and after exchanging mediation briefs and engaging in a day of mediation, they were able to reach agreement on a settlement in principle. (*Id.*)

### D. Negotiation of Settlement Agreement and Preparation of Preliminary Approval Papers (Nov. 2015 – April 2016).

Following the parties' agreement in principle, Plaintiffs conducted discovery of Hyundai to confirm information it had provided on a confidential basis during settlement discussions. (Gibbs Decl., ¶ 10; Johns Decl., ¶ 6, McCune Decl., ¶ 26.) This discovery included raw data and analysis relating to potentially relevant warranty claims, customer complaints, goodwill payments, and field service reports. It also included some of the same materials that were prepared internally to brief Hyundai executives about the alleged engine defect and root cause analysis. Class counsel prepared the first draft of a comprehensive settlement agreement and worked extensively with class members, drawing heavily on the information they had provided over the course of the litigation, to ensure that the agreement addressed a wide range of class member experiences. (Gibbs Decl., ¶ 10.) The parties exchanged numerous redlines and held several conference calls to address details of the settlement and resolve items of disagreement, eventually reaching a signed settlement in April 2016. (*Id.*) Class counsel also designed a claim form, claims, process, and glovebox pamphlet to maximize class member participation, worked with Hyundai to finalize those documents, and prepared their motion for preliminary settlement approval. (Gibbs Decl., ¶ 10, Johns Decl., ¶ 6; McCune Decl., ¶ 27-28.)

### E. Preliminary Approval Hearing, Class Member Communications, Final Approval and Fee Briefing (April 2016 – Present)

Class counsel appeared before the Court on June 23, 2016, and again via telephone the following week, to discuss Plaintiffs' motion for preliminary approval, class notice, and a schedule for final approval. (Gibbs Decl., ¶ 12.) Since Hyundai began disseminating class notice on August 15th, class counsel has spent more than 100 hours communicating with class members regarding the settlement. (*Id.*, ¶ 14.) Altogether, class counsel has been contacted by almost 1,200 Sonata owner since the filing of this case. (*Id.*, ¶ 12.) Class counsel also prepared this fee application and Plaintiffs' motion for final approval, and expects to spend at least 200 additional hours between now and the final

approval hearing responding to class member inquiries, preparing our reply briefing, and representing the class at the final approval hearing. (*Id.*, ¶¶ 12, 14; McCune Decl., ¶ 34)

## III. ARGUMENT

### A. The Court's Role in Evaluating the Agreed-Upon Fee to Be Paid By Hyundai.

At the conclusion of a successful class action, class counsel may apply to the Court for an award of "reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Here, class counsel's fee application is authorized by the parties' agreement, which provides that Hyundai will not oppose a fee and cost award of up to $795,000, and will pay that amount separate and apart from the relief it is providing to class members. (Settlement, Sec. V.2, V.4.) But the Court must nonetheless ensure that the fee award agreed to by Hyundai is reasonable. *See In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). The reason is that while ordinarily a defendant would never agree to pay more than a fee-shifting claim is worth, in a class action setting there is a risk that class counsel negotiated a class settlement that under-compensates class members in exchange for defendant's agreement to an inflated fee settlement. *See Staton v. Boeing Co.*, 327 F.3d 938, 964 (9th Cir. 2003) ("If fees are unreasonably high, the likelihood is that the defendant obtained an economically beneficial concession with regard to the [class] merits provisions.").

The Court therefore should review the $795,000 Hyundai has agreed to pay and ask whether it is the result of a legitimate fee settlement. "[S]ince the proper amount of fees is often open to dispute and the parties are compromising precisely to avoid litigation, the court need not inquire into the reasonableness of the fees even at the high end with precisely the same level of scrutiny as when the fee amount is litigated." *Id.* at 966. Nonetheless, the Court should conduct its own lodestar calculation and ensure that $795,000 is not "measurably higher than [Hyundai] could conceivably have to pay were the fee amount litigated." *Id.* So long as Hyundai did not agree to pay measurably more than a rational defendant would agree to pay in similar circumstances, class counsel's fee application may be approved. But if the Court finds that the settlement calls for attorney fees outside the upper bounds of what class counsel conceivably could have obtained through a contested motion, then it stands to reason that class counsel must have traded the class's rights for that higher fee. In that case, the entire

5

settlement would have to be considered suspect, and neither the requested fee nor the settlement should be approved.

### B. Plaintiffs Are Entitled To A Fee Under California Law.

Hyundai's agreement to pay a fee award was reasonable under two California fee-shifting statutes, both of which are designed to reward counsel who successfully pursue consumers' interests through publicly-beneficial litigation. The first statute is the California Consumers Legal Remedies Act (CLRA), Cal. Civ. Code § 1780(e), which provides for an award of attorney fees to a prevailing plaintiff in an action brought pursuant to the CLRA (as this case was). The second statute is California's codification of the private attorney general doctrine, Cal. Code of Civ. Proc. § 1021.5. It provides for attorney fees to a successful party who confers a significant benefit on the general public or large class of persons.

Plaintiffs are entitled to a fee under both of these statutes, as they succeeded in their litigation objectives—Sonata owners have now been warned about the alleged engine defect, provided with free engine inspections and repairs, and offered reimbursements for prior repair and rental car expenses. It does not matter that Plaintiffs succeeded through a settlement rather than through a judgment following trial, it only matters that they succeeded. *See Graham v. DaimlerChrysler Corp.*, 34 Cal. 4th 553, 566 (2004) ("[t]he critical fact is the impact of the action, not the manner of its resolution"); *Kim v. Euromotors West/The Auto Gallery*, 149 Cal. App. 4th 170, 178-79 (2007) (a plaintiff may be entitled to a fee under the CLRA "either because he obtained a net monetary recovery or because he achieved most or all of what he wanted by filing the action or a combination of the two.")

### C. The Negotiated Fee Is Reasonable Under California's Lodestar Method.

The parties were able to successfully mediate Plaintiffs' fee claims, but if they had litigated the matter, the Court would have determined a reasonable fee to award class counsel using California's lodestar method. *See Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1478 (9th Cir. 1995) (in diversity cases, state law applies "in determining not only the right to fees, but also in the method of calculating the fees"). The California Supreme Court recently authorized courts to use either the lodestar method or the percentage method in common fund cases, but as this is a fee-shifting case rather than a common fund case, the lodestar method remains "[t]he primary method for establishing

6
PLAINTIFFS' MOTION FOR ATTORNEY FEES, COSTS, AND SERVICE AWARDS
CASE NO. 5:15-cv-1685-BLF

the amount of 'reasonable' attorney fees." *In re Consumer Privacy Cases*, 175 Cal. App. 4th 545, 556 (2009); *Laffitte v. Robert Half Int'l Inc.*, 376 P.3d 672, 686 (Cal. 2016) ("We do not address here whether or how the use of a percentage method may be applied when there is no conventional common fund out of which the award is to be made.").

Using the lodestar method to calculate Plaintiffs' fee award, the Court would have first calculated a lodestar based on a "careful compilation of the time spent and reasonable hourly compensation for each attorney . . . involved in the presentation of the case." *Id.* at 682. It then could have adjusted the lodestar figure by applying a multiplier, the primary purpose of which is to compensate counsel for prosecuting the case on a contingent basis. *Id.* at 677. Other factors, such as the difficulty of the case and the skill displayed by counsel are also occasionally taken into account. *Id.* at 675-78. To ensure that the fee Hyundai has agreed to pay is not "distinctly higher than the fees class counsel could have been awarded . . . using the lodestar method," *Staton*, 327 F.3d at 966, the Court should therefore assess (i) the time counsel billed to the case, to confirm that it was reasonably spent and not padded through excessive or duplicative efforts; (ii) the hourly rates used for each attorney or paralegal on the case, to confirm they are in line with the prevailing hourly rates in the community; and (iii) whether the resulting multiplier is within the range of multipliers that could have been awarded to compensate counsel for contingency risk.

**1. Class Counsel's Time Was Reasonable Spent.**

To assist the Court in evaluating the reasonableness of the time spent on this case, Class Counsel have reviewed their daily time records and prepared a summary of the work performed during throughout litigation. (*See* Gibbs Decl., ¶¶ 3-15; Johns Decl, ¶ 6; McCune Decl., ¶¶ 22-29); *see also* Section II, *supra*.) Class counsel believes that this will be more helpful to the Court in assessing their time and contributions than would combing through daily records, and is sufficient as an evidentiary matter, but would be happy to provide the daily time records as well if the Court prefers. *See Winterrowd v. Am. Gen. Annuity Ins. Co.,* 556 F.3d 815, 827 (9th Cir. 2009) (when awarding fees under a California fee-shifting statute, "[t]estimony of an attorney as to the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees").

Altogether, class counsel has devoted 1,962 hours to this case over the past year and a half. This time, as summarized above in Section II.A – II.E and in class counsel's declarations, includes a rigorous pre-filing investigation; case coordination activities; work with expert automotive consultants; a settlement meeting with Hyundai and its engineering representative; formal mediation before Judge Kleinberg (Ret.); a carefully-considered and extensively-negotiated settlement agreement, claim form, and glovebox insert designed to maximize class member participation; preliminary approval briefing; final approval and fee briefing; and ongoing communications with over 1,200 Sonata owners (so far) regarding the litigation and settlement. (Gibbs Decl., ¶¶ 3-15; Johns Decl, ¶ 6; McCune Decl., ¶¶ 22-29.)

In assessing whether the time reported by counsel for accomplishing these tasks is reasonable, the Court may take account its overall sense of the lawsuit and may use estimates—the goal is "to do rough justice, not to achieve auditing perfection." *Bohannon v. Facebook, Inc.*, No. 12-CV-01894-BLF, 2016 WL 3092090, at *6–7 (N.D. Cal. June 2, 2016) (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)). The Court may also consider the time approved by courts in similar cases. While no two automotive class actions are the same, it is not unusual for class counsel to front-load their efforts and work actively with experts and the defendant automaker to understand the defect at issue and negotiate a plan for repairs and reimbursement early in the litigation—when relief is most needed. A review of several cases of this ilk, each of which was resolved early with little or no motion practice, shows that the time spent by class counsel falls comfortably within the range of hours previously found by courts to be reasonable:

| Case Name | Hours | Filing to Settlement | Hours Per Month |
|---|---|---|---|
| *Eisen v. Porsche Cars N. Am., Inc.,* No. 2:11-CV-09405-CAS, 2014 WL 439006, at *11 (C.D. Cal. Jan. 30, 2014); *see also* ECF No. 56 | 2,704 | 16 months | 169 |
| *Sadowska v. Volkswagen Grp. of Am.,* No. CV 11-00665-BRO AGRX, 2013 WL 9600948, at *1, *9 (C.D. Cal. Sept. 25, 2013) | 3,115 | 23 months | 135 |
| *Sugarman v. Ducati N. Am., Inc.,* No. 5:10-CV-05246-JF, 2012 WL 113361, at *6 (N.D. Cal. Jan. 12, 2012); *see also* ECF No. 80 at 3. | 1,929 | 9 months | 214 |

| Case Name | Hours | Filing to Settlement | Hours Per Month |
|---|---|---|---|
| *Browne v. Am. Honda Motor Co.*, No. CV 09-06750-MMM, 2010 WL 9499073, at *1, 6, 10 (C.D. Cal. Oct. 5, 2010) | 3,255 | 6 months | 543 |
| **Average** | **2,751** | **14 months** | **265** |
| **This Case** | **1,962** | **12 months** | **164** |

### 2. Class Counsel's Hourly Rates Fall Within the Range of Rates Prevailing in the Community and Have Been Previously Approved.

Listed below are the current billing rates for each attorney or paralegal who contributed to this case, along with the time each spent on the case and the resulting lodestar. Additional information about the work performed by each of these attorneys and paralegals is provided in the declarations of Eric Gibbs, Benjamin F. Johns, and Richard D. McCune, and additional information on individual attorneys' background and experience can be found in the firm resumes attached to those declarations. (Gibbs Decl., Ex. A; Johns Decl., Ex. A; McCune Decl., Ex. A.)

| Name | Title | Bar Date | Hours | Rate | Lodestar |
|---|---|---|---|---|---|
| **Gibbs Law Group LLP** | | | | | |
| Eric H. Gibbs | Partner | 1995 | 71.8 | $710 | $50,978 |
| Dylan Hughes | Partner | 2000 | 57.8 | $625 | $36,125 |
| Geoffrey A. Munroe | Partner | 2003 | 118.8 | $595 | $70,686 |
| David Stein | Partner | 2008 | 122.9 | $520 | $63,908 |
| Steve Lopez | Associate | 2014 | 186.2 | $350 | $65,170 |
| Caroline Corbitt | Associate | 2015 | 92.3 | $320 | $29,536 |
| Jason Gibbs | Paralegal | - | 368.0 | $190 | $69,920 |
| | | | *1,017.8* | *$380* | *$386,323* |
| **Chimicles & Tikellis LLP** | | | | | |
| Joseph G. Sauder | Partner[*] | 1998 | 92.0 | $700 | $64,400 |
| Matthew D. Schelkopf | Partner[*] | 2002 | 305.3 | $600 | $183,150 |
| Andrew W. Ferich | Associate | 2012 | 39.3 | $375 | $14,719 |
| Joseph B. Kenney | Associate[*] | 2013 | 93.7 | $300 | $28,095 |
| Justin B. Boyer | Paralegal | - | 10.0 | $175 | $1,750 |
| Jesse D. Royer | Paralegal[*] | - | 176.5 | $150 | $26,475 |
| Attorneys with < 10 hrs | | | | | $6,543 |
| | | | *734.7* | *$443* | *$325,133* |

---

[*] Denotes former attorney or paralegal

| **McCune Wright LLP** | | | | | |
|---|---|---|---|---|---|
| Richard D. McCune | Partner | 1987 | 94.6 | $825 | $78,045 |
| David C. Wright | Partner | 1995 | 107.2 | $825 | $86,625 |
| Daniel Chang | Associate | 1996 | 5.4 | $650 | $3,510 |
| Joseph B. Kenney | Associate | 2013 | 1.5 | $350 | $525 |
| Jesse D. Royer | Paralegal | - | 0.9 | $200 | $180 |
| Rhonda Espinosa | Paralegal | - | 0.2 | $225 | $45 |
| | | | 209.8 | $814 | $170,745 |
| **Total** | | | **1,962.3** | **$450** | **$882,201** |

These rates are set by counsel based on their own experience, periodic review of the rates charged by other attorneys involved in complex litigation, and survey results published by trade periodicals like the National Law Journal, and fall within the range of rates prevailing in the relevant legal community. *See In re Magsafe Apple Power Adapter Litig.,* No. 5:09-CV-01911-EJD, 2015 WL 428105, at *12 (N.D. Cal. Jan. 30, 2015) ("In the Bay Area, reasonable hourly rates for partners range from $560 to $800, for associates from $285 to $510, and for paralegals and litigation support staff from $150 to $240") (collecting cases); *MacDonald v. Ford Motor Co.*, No. 13-CV-02988-JST, 2016 WL 3055643, at *9 (N.D. Cal. May 31, 2016) (approving requested hourly rates of $695 for of counsel and senior counsel, and $370-495 for associates)

In addition, class counsel's hourly rates have been regularly evaluated by courts in California and across the country and approved as reasonable. (*See* Gibbs Decl., ¶ 17 (citing *Velasco v. Chrysler Group, LLC*, No. 2:13-cv-08080-DDP, ECF No. 167 (C.D. Cal. Jan. 27, 2016); *In re Adobe Systems In. Privacy Litigation*, No. 5:13-cv-05226-LHK, ECF No. 107 (N.D. Cal. Aug. 13, 2015); *In re Hyundai and Kia Fuel Economy Litig.*, No. 2:13-ml-024240-GW, ECF No. 437 (C.D. Cal. March 19, 2015); *Skold v. Intel Corp.*, No. 1-05-CV-039231, Online Dkt. No. 589 (Cal. Super. Ct., Santa Clara Cty. Jan. 29, 2015); Johns Decl., ¶ 9 (citing *In re Philips/Magnavox TV Litig.,* No. 09-3072, 2012 U.S. Dist. LEXIS 67287, at *44-48 (D.N.J. May 14, 2012); *Johnson et al. v. W2007 Grace Acquisition I Inc. et al.*, No. 2:13-cv-2777, ECF No. 135 (W.D. Tenn. Dec. 4, 2015); *Henderson v. Volvo Cars of N. Am., LLC,* No. 2013 U.S. Dist. LEXIS 46291 *4-47 (D.N.J. Mar. 22, 2013); *Yaeger v. Subaru of Am., Inc.,* No. 1:14-cv-4490 (JBS-KMW), 2016 U.S. Dist. LEXIS 117195, at *8 (D.N.J. Aug. 31, 2016).)

### 3. Class Counsel's Effective Multiplier Is Below That Typically Awarded In Contingent Litigation

"After determining the lodestar, the Court divides the total fees sought by the lodestar to arrive at the multiplier. … If the multiplier falls within an acceptable range, it further supports the conclusion that the fees sought are, in fact, reasonable." *Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 690 (N.D. Cal. 2016). Here, the total lodestar value of class counsel's services, as reflected in the above chart, is $882,201, and the total fee sought is $795,000—yielding an effective multiplier of 0.90. The effective multiplier is even lower if the Court first subtracts litigation costs from the requested fee award. *See MacDonald v. Ford Motor Co.,* No. 13-CV-02988-JST, 2016 WL 3055643 at *10 (N.D. Cal. May 31, 2016) ("An attorney is entitled to 'recover as part of the award of attorneys' fees those out-of-pocket expenses that would normally be charged to a fee paying client.'"). Over the past year and a half, class counsel has incurred a total of $33,584 in litigation expenses to prosecute this case, including expert fees, mediation fees, and travel expenses. (*See* Gibbs Decl., ¶ 18; Johns Decl., ¶ 10, McCune Decl., ¶ 37.) That means $761,416 can be allocated solely to attorney fees, which yields an effective multiplier of 0.86. And that effective multiplier will continue to fall in the coming months, as class counsel continues to fulfill their obligations to the class. (Gibbs Decl., ¶¶ 14-15 (estimating class counsel will be required to spend at least 200 additional hours prior to the final approval hearing); McCune Decl., ¶ 34 (estimating an additional $30,000 in lodestar).)

The upper range of what Plaintiffs could have received through a contested fee motion is significantly higher than the effective 0.86-0.90 multiplier they are receiving here. Multipliers in complex contingency fee matters under California law "can range from 2 to 4 or even higher." *Wershba v. Apple Computer, Inc.,* 91 Cal. App. 4th 224, 255 (2001); *see, e.g.*, *MacDonald*, 2016 WL 3055643 at *9-10 (N.D. Cal. May 31, 2016) (awarding fee multiplier of 2.0 in a contested fee motion); *Sadowska*, 2013 WL 9600948 at *9 (approving a negotiated fee that included a 1.37 multiplier as reasonable).

The award of a multiplier in a contested motion can be based on several factors, but the degree of risk taken on by counsel and the result achieved for class members are generally considered the most important. *Ketchum v. Moses,* 24 Cal. 4th 1122, 1138 (2001) ("the purpose of a fee enhancement is primarily to compensate the attorney for the prevailing party at a rate reflecting the risk of nonpayment

in contingency cases"); *Parkinson v. Hyundai Motor America*, 796 F. Supp. 2d 1160, 1174-75 (C.D. Cal. 2010), 796 F. Supp. 2d at 1174-75 ("[t]he benefit obtained for the class has been cited as the factor bearing the most weight or the determinative factor in the decision of whether to apply a lodestar multiplier"). Both of these factors likely would have supported the award of a significant multiplier in a contested fee motion.

Class Counsel has devoted thousands of hours and $33,584 of their own money to prosecute this case on behalf of the class. They did so on a wholly contingent basis, meaning that if they had not succeeded in their efforts they would not have been paid for their time and would not have recouped their expenses. Under these circumstances, a multiplier is justified to compensate Class Counsel for the risk they undertook and to ensure that qualified attorneys will continue to prosecute consumer protection actions like this one on a contingency basis. *See Ketchum,* 24 Cal. 4th at 1133 ("A lawyer who both bears the risk of not being paid and provides legal services is not receiving the fair market value of his work if he is paid only for the second of these functions. If he is paid no more, competent counsel will be reluctant to accept fee award cases.")

The result achieved for the class would also support the award of a multiplier, as Class Counsel achieved virtually everything that class members could have asked for, and virtually everything that Plaintiffs requested in their complaint. Hyundai has acknowledged the alleged engine defect; it is providing Sonata owners with free inspections and repairs as needed to remedy the engine defect; and it is offering full reimbursements to all class members who previously spent money on repairs, including full reimbursement for towing and rental car expenses. It will also evaluate claims for compensation made by class members who sold their vehicles at a loss because they could not afford the repair.

The effective 0.86-0.90 multiplier agreed upon by the parties here should, in other words, raise no concerns of collusion. It is well within, if not lower than, the range of multipliers that the Court conceivably could have awarded in a contested fee motion, and therefore reflects that Hyundai's agreement to pay class counsel fees was a rational and arm's-length decision that may be approved by the Court pursuant to Rule 23(h). *See Eisen*, 2014 WL 439006 at *11 ("because the fees requested are in fact lower than the lodestar in this case, the Court concludes that plaintiffs' request for attorneys' fees and costs should be granted"); *Aarons v. BMW of N. Am., LLC*, No. CV 11-7667 PSG CWX, 2014 WL

4090564, at *18 (C.D. Cal. Apr. 29, 2014) ("Class Counsel's conservative request makes the Court's analysis much simpler.").

### D. The Service Awards Requested for Plaintiffs Are Reasonable and Appropriate.

Class counsel is requesting that the Court authorize service awards of $2,500 to both Plaintiff Mendoza and Plaintiff Graham. Service awards (also referred to as incentive awards) are fairly typical in class actions, and are "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009).

Here, both Plaintiffs Graham and Mendoza stepped forward to serve as private attorneys general on behalf of all Sonata owners. They worked with counsel to present their individual experiences on behalf of the class, searched for and provided documentation to support their claims, reviewed the complaint prior to filing, consulted with class counsel regarding potential settlement remedies, and carefully reviewed the settlement agreement on behalf of the class. (Gibbs Decl., ¶ 19.) Although the case settled relatively quickly and did not ultimately require a lengthy commitment, Plaintiff Graham and Plaintiff Mendoza were willing to serve as class representatives for as long as it took, to produce personal documents, and to sit for a deposition and appear at trial if needed. (*Id.*) Their commitment to the class's interests and desire to address an important issue, not just for themselves, but for all Sonata owners was essential to the successful and timely prosecution of this class action and, in class counsel's view, warrants recognition in the form of the modest $2,500 service awards requested here. *See, Ebarle v. Lifelock, Inc.,* No. 15-CV-00258-HSG, 2016 WL 5076203, at *12 (N.D. Cal. Sept. 20, 2016) ("Many courts in the Ninth Circuit have held that a $5,000 incentive award is 'presumptively reasonable.'").

### IV. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court approve the $795,000 fee award negotiated by the parties pursuant to Rule 23(h), and also approve awards of $2,500 to both Plaintiff Mendoza and Plaintiff Graham in recognition of their service on behalf of Sonata owners.

DATED: September 28, 2016	Respectfully submitted,

By: /s/ *Eric H. Gibbs*

Eric H. Gibbs
David Stein
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701

Matthew D. Schelkopf
Joseph G. Sauder
**MCCUNEWRIGHT LLP**
1055 Westlakes Drive, Suite 300
Berwyn, Pennsylvania 19312
Telephone: (610) 200-0581

*Co-Lead Interim Class Counsel*