1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| IN RE: HYUNDAI SONATA ENGINE LITIGATION | Case No. 5:15-cv-1685-BLF<br><br>[~~PROPOSED~~] **FINAL ORDER AND JUDGMENT** |
|---|---|

Plaintiffs' Motion for Final Approval of Class Settlement and Motion for Attorney Fees, Costs, and Service Awards came before the Court for hearing on December 15, 2016, pursuant to the Order Granting Preliminary Approval of Class Settlement dated July 8, 2016 ("Preliminary Approval Order").  Having considered the parties' Settlement Agreement, the objections to the settlement, and all papers filed and proceedings had herein, for the reasons set forth in the Court's January 23, 2017 Order Granting Plaintiffs' Motion for Final Approval of Class Action Settlement And Granting In Part Motion For Attorneys' Fees, Costs, and Service Award (ECF 85),

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. This Court has subject matter jurisdiction over this action and personal jurisdiction over Defendant Hyundai Motor America ("HMA") and Plaintiffs Elizabeth Mendoza and Beth Graham.

2. Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement.

3. All preliminary findings and conclusions in the Court's preliminary approval order are hereby made final.  In particular, the Court affirms its findings that the following settlement class ("Class") meets the requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure:

> All owners and lessees of a Class Vehicle who purchased or leased the Class Vehicle in the United States, excluding the territories, or abroad while on active military duty.
>
> Excluded from the Class are all claims for death, personal injury, property damage, and subrogation.  Also excluded from the Class are HMA; any affiliate, parent, or subsidiary of HMA; any entity in which HMA has a controlling interest; any officer, director, or employee of HMA; any successor or assign of HMA; any judge to whom this Action is assigned, his or her spouse, and all persons within the third degree of relationship to either of them, as well as the spouses of such persons.
>
> "Class Vehicles" refer to all 2011, 2012, 2013, and 2014 model year Hyundai Sonata vehicles factory equipped with a Theta II 2.0 liter or 2.4 liter gasoline direct injection engine, which were purchased or leased in the United States, excluding the territories, or abroad while a Class member was on active military duty.

This Class is certified with respect to the following causes of action:

> Any claims that are based on (i) the facts alleged in any complaint filed in *In re: Hyundai Sonata Engine Litigation, N*o. 5:15-cv-1685 (N.D. Cal.), inclusive of the underlying cases that were consolidated, and all legal claims of whatever type or description arising out of, that may have arisen as a result of, or which could have been brought based on, any of the facts, acts, events, transactions, occurrences,

-2-    Case No. 5:15-cv-1685-BLF
[PROPOSED] FINAL ORDER AND JUDGMENT

courses of conduct, representations, omissions, circumstances or other matters pleaded in complaints filed in *In re: Hyundai Sonata Engine Litigation*, No. 5:15-cv-1685 (N.D. Cal.), inclusive of the underlying cases that were consolidated, (ii) oil consumption, oil maintenance, engine repairs or replacement related to oil maintenance for the Class Vehicles, or engine durability related to oil maintenance for the Class Vehicles, or (iii) marketing or advertising for the oil consumption, oil maintenance, engine repairs or replacement related to oil maintenance for the Class Vehicles, or engine durability related to oil maintenance for the Class Vehicles. Excluding claims for (i) death, (ii) personal injury, (iii) damage to tangible property other than a Class Vehicle, or (iv) subrogation.

4. The Court finds that notice has been disseminated to the Class in compliance with the Court's Preliminary Approval Order and that the notice given was the best notice practicable under the circumstances, fully satisfied due process, and met the requirements of Rule 23 of the Federal Rules of Civil Procedure.

5. The Court has carefully considered and overruled any objections to the proposed settlement as set forth in the Court's January 23, 2017 Order Granting Plaintiffs' Motion for Final Approval of Class Action Settlement And Granting In Part Motion For Attorneys' Fees, Costs, and Service Award (ECF 85).

6. The Court finds that the Settlement is fair, reasonable, is in the best interests of the Class, has been entered into in good faith, and should be and hereby is fully and finally approved pursuant to Federal Rule of Civil Procedure 23.

7. The Court finds the attorneys' fees requested by Class Counsel are fair and reasonable, given Class Counsel's lodestar of $882,201, the results achieved through this litigation, and the contingent nature of the fee. The Court has reviewed the records submitted by Class Counsel and finds Class Counsel reasonably spent over 1,962 hours representing the class's interests through this litigation, that Class Counsel's hourly rates are reasonable and in line with the prevailing rates in the community for complex class action litigation and awards Class Counsel attorneys' fees of $761,415.67. The Court has reviewed the costs records submitted by Class Counsel and finds that costs of $25,241.33 incurred to prosecute the litigation were reasonable. Accordingly, Class Counsel is hereby awarded attorneys' fees and costs in the amount of $786,657.00, to be paid by HMA pursuant to the terms of the Settlement.

8. The Court finally approves the proposed settlement, finding that its terms appear sufficiently fair, reasonable, and adequate to warrant dissemination of notice of the proposed settlement to the Class. The Court finds that the settlement contains no obvious deficiencies, falls within the range of possible approval, and that the parties entered into the settlement in good faith, following arms-length negotiations between their respective counsel with the assistance of a neutral mediator.

9. The Court further finds the requested service awards are fair and reasonable, given the time and effort expended by the class representatives on behalf of the Class. Plaintiff Mendoza and Plaintiff Graham are hereby awarded $2,500 each, to be paid by HMA pursuant to the terms of the Settlement.

10. The Mutual Release set forth in the Settlement, in Section VI, is incorporated herein and, as of the Effective Date, is binding and effective on all Class Members who have not properly excluded themselves from the Class.

11. Attached to the Court's January 23, 2017 Order Granting Plaintiffs' Motion for Final Approval of Class Action Settlement And Granting In Part Motion For Attorneys' Fees, Costs, and Service Award (ECF 85) as Exhibit A (ECF 85-1) is a list setting forth the name of each person who properly excluded themselves from the Class in compliance with the procedures set forth in the Preliminary Approval Order. The persons so identified shall be neither entitled to benefits from the Settlement nor bound by this Final Order and Judgment.

12. The Court dismisses with prejudice *In re Hyundai Sonata Engine Litigation*, Case No. 5:15-cv-1685.

13. All members of the Class who did not make a valid request for exclusion in the time and manner provided in the Class Notice are barred, permanently enjoined, and restrained from commencing or prosecuting any action, suit, proceeding, claim or cause of action in any jurisdiction or court against HMA, Hyundai America Technical Center, Inc. (also doing business as Hyundai-Kia America Technical Center), Hyundai Motor Company, all affiliates of the Hyundai Motor Group, or any other Releasee based upon, relating to, or arising out of, any of the claims covered by the Mutual Release set forth in the Settlement, in Section VI.

14. The Settlement Agreement, acts performed in furtherance of the Settlement or the settlement set forth therein, and documents executed in furtherance of the Settlement may not be deemed or used as evidence of an admission or other statement supporting: (a) the validity of any claim made by the Class Representatives, Class members, or Class Counsel (including the appropriateness of class certification); (b) any wrongdoing or liability of the Releasees; or (c) any fault or omission of the Releasees in any court, administrative agency, or other proceeding.

15. The Settlement Agreement shall not be offered or be admissible in evidence against HMA, Hyundai America Technical Center, Inc. (also doing business as Hyundai-Kia America Technical Center), Hyundai Motor Company, Corporation, all affiliates of the Hyundai Motor Group, and/or their affiliates or cited or referred to in any action or proceeding, except in an action or proceeding that is in furtherance of its terms or brought to enforce its terms.

16. If this Order is set aside, materially modified, or overturned by this Court or on appeal, and is not fully reinstated on further appeal, this Order shall be deemed vacated and shall have no force or effect whatsoever.

17. There being no just reason for delay, the Court, in the interests of justice, expressly directs the Clerk of the Court to enter this Final Order and Judgment, and hereby decrees that, upon entry, it be deemed a final judgment. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation of the Settlement; (b) further proceedings, if necessary, on applications for attorneys' fees, expenses, and costs in connection with the action and the settlement; and (c) the Parties and the Class Members for the purpose of construing, enforcing, and administering the Settlement Agreement and all orders and judgments entered in connection therewith.

Dated: January 31, 2017

BETH LABSON FREEMAN
United States District Court Judge