UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELIZABETH MENDOZA, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>HYUNDAI MOTOR COMPANY, LTD, et al.,<br><br>　　　　Defendants. | Case No.  15-cv-01685-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR PERMANENT INJUNCTION**<br><br>[Re:  ECF No. 99, 119] |

Before the Court is Defendant Hyundai Motor America, Inc.'s motion for a permanent injunction pursuant to the All Writs Act, 28 U.S.C. § 1651(a) to enjoin the adjudication of the counterclaims brought by Knight Motors, LP, Doman Auto and Marine Sales, Inc., and Christopher D. Pantelis (collectively "Knight Motors") in *Hyundai Motor America v. Knight Motors, LP*, No. GD-19-013607 (Pa. Ct. Com. Pl.).  ECF No. 99 ("Mot.").  Knight Motors opposes the motion.  ECF No. 105 ("Opp.").  Hyundai filed a reply.  ECF No. 109 ("Reply").  The Court held a hearing on December 20, 2023.  ECF No. 118.

For the reasons discussed below, the Court GRANTS IN PART and DENIES IN PART Hyundai's motion for a permanent injunction pursuant to the All Writs Act.

**I.　BACKGROUND**

　　**A.　The Class Settlement**

In 2015, Plaintiffs filed the initial complaints in two class actions, which were consolidated before this Court.  *See* ECF No. 1; *Graham v. Hyundai Motor Am., Inc.*, No. 15-cv-1685-BLF, ECF No. 1.  Plaintiffs alleged that Hyundai Sonatas from model year 2011 through 2014 equipped with a Theta II 2.0 liter or 2.4 liter gasoline direct injection engine ("Class Vehicles") were sold with engine defects that could result in engine failure.  *See* ECF No. 1; *Graham*, No. 15-cv-1685-

BLF, ECF No. 1; *see also* ECF No. 73-2 ("Settlement Agreement") § I.F (defining Class Vehicles). The parties were able to reach a preliminary settlement before Plaintiffs filed a consolidated complaint. On July 8, 2016, the Court granted preliminary approval of the settlement and conditionally certified the putative class for settlement purposes. ECF No. 67.

In January 2017, the Court granted final approval of the class action settlement that resolved the litigation. *See* ECF No. 85. The Court certified a class of "[a]ll owners and lessees of a class vehicle who purchased or leased the Class Vehicle in the United States, excluding the territories, or abroad while on active military duty" for settlement purposes only. *Id.* at 2, 24; *see also* ECF No. 91 ("Final Order") ¶ 3. Under the terms of the Settlement Agreement, Hyundai was required to (1) warn drivers about the problem; (2) extend its Powertrain Warranty for free inspections and repairs; (3) reimburse Class Members for past vehicle repairs, rental cars, and towing services; and (4) compensate Class Members for trade-ins and sales. *See* Settlement Agreement § II.

In the Final Order and Judgment, the Court "retain[ed] continuing jurisdiction over (a) implementation of the Settlement; . . . and (c) the Parties and the Class Members for the purpose of construing, enforcing, and administering the Settlement Agreement and all orders and judgments entered in connection therewith." Final Order ¶ 17; *see also* Settlement Agreement § VI.5 ("The Court shall retain jurisdiction to protect, preserve, and implement the settlement. The Court retains jurisdiction to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the settlement . . . .").

**B.  Hyundai's Pennsylvania State Court Action Against Knight Motors**

In August 2019, Hyundai filed an action against Knight Motors in the Court of Common Pleas of Allegheny County, Pennsylvania. *See* ECF No. 104-15. Hyundai's operative complaint alleges that Knight Motors engaged in a fraudulent scheme to exploit Hyundai's extended warranty on 2011 to 2014 Hyundai Sonatas. ECF No. 99-9 ¶ 9. Hyundai alleges that Knight Motors purchased Sonatas at auction, intentionally damaged the vehicles, sold them to affiliated entities to inflate the purchase price, and presented them to Hyundai dealerships for repair or replacement. *Id.* ¶¶ 12–39. Hyundai repaired or replaced over 600 vehicles purchased by Knight

Motors before uncovering the scheme. *Id.* ¶ 39. Hyundai's state court complaint brought causes of action for fraud, unjust enrichment, and breach of the duty of good faith and fair dealing. *Id.* ¶¶ 40–61.

Knight Motors counterclaimed, alleging Hyundai refused to accept Knight Motors' submissions of 2011 to 2014 Sonatas and that Hyundai engaged in conduct designed to avoid its obligations under the Settlement Agreement. ECF No. 99-3 at pp. 32–47. Knight Motors brought causes of action for fraud, breach of contract, anticipatory repudiation, intentional interference with prospective contracts/relations, third-party beneficiary, quantum meruit, common law abuse of process, violations of 49 U.S.C. § 30116, and RICO. *Id.* at pp. 47–67. The Pennsylvania state court dismissed Knight Motors' counterclaims under common law abuse of process and RICO. *See* ECF No. 99-12.

Shortly after the initial complaint was filed, Knight Motors sought to remove the case to federal court in the Western District of Pennsylvania. Judge J. Nicholas Ranjan in the Western District of Pennsylvania issued an order to show cause why the case should not be remanded on the basis of the "forum defendant rule" and Hyundai moved to remand on the same basis. ECF No. 104-19 at 1. On October 28, 2019, Judge Ranjan remanded the case back to state court, holding that he did not have diversity jurisdiction because all defendants are citizens of Pennsylvania. *Id.* at 3 (discussing the forum defendant rule, which bars removal of cases based on diversity if any defendant is a citizen of the state in which the action is brought). Judge Ranjan also concluded that he did not have federal question jurisdiction because "none of the facts that [Knight Motors] rel[ies] on to support federal question jurisdiction appear in [Knight Motors'] notice of removal" and that Knight Motors' counterclaims could not serve as the basis for federal question jurisdiction. *Id.* at 4–5.

Before the state court, Hyundai twice argued that Knight Motors' counterclaims could only be brought in this Court. On February 26, 2023, Hyundai moved to dismiss Knight Motors' counterclaims, arguing that the Pennsylvania state court lacks subject matter jurisdiction over the counterclaims because this Court retained continuing and exclusive jurisdiction to construe, enforce, and administer the settlement. ECF No. 99-4 ¶¶ 52–72. The state court denied Hyundai's

1   motion. ECF No. 99-5.  On September 10, 2023, Hyundai raised the same argument in a motion

2   for summary judgment.  *See* ECF No. 99-6 ¶¶ 33–42.  The state court again denied Hyundai's

3   motion.  ECF No. 99-13.  The state court did not provide a reasoned decision on either order.

4         The Pennsylvania state court action, including Hyundai's claims and Knight Motors'

5   counterclaims, is set to go to trial on January 8, 2024.  *See* ECF No. 99-8.

## II.     EVIDENTIARY OBJECTIONS

      Knight Motors objects to the Expert Report of James Smith, on the basis that it is hearsay, not properly authenticated; is speculative and contains improper opinions; is irrelevant; does not meet the standards of *Daubert*; and that any probative value is outweighed by the danger of unfair prejudice and/or confusing the issues.  *See* ECF No. 106 (objections); ECF No. 99-11 (Smith Report).  Knight Motors also objects to the factual representations in Hyundai's motion, including Hyundai's allegations about Knight Motors' fraudulent scheme and the extent to which the defect alleged in the class action affected the relevant model year Sonatas.  ECF No. 106 at 2–5.  Hyundai responds that Knight Motors' objections are irrelevant because Hyundai cited its expert report and described its factual allegations in the Pennsylvania lawsuit to provide the Court with background but does not request that the Court resolve factual disputes.  ECF No. 108 at 1.  Hyundai also argues that Knight Motors' objections violate the Northern District's Local Rules, which require Knight Motors to raise any objections in its opposition brief.  *Id.*  Moreover, Hyundai argues that Knight Motors' objections are untimely because Knight Motors filed them after the December 5, 2023 deadline by which it was to file a response to Hyundai's motion.  *Id.*

      The Court agrees with Hyundai.  Knight Motors' objections are both improper and untimely under this Court's orders and the Northern District's Local Rules.  *See* Civ. L.R. 7-3(a) ("Any evidentiary and procedural objections to the motion must be contained within the brief or memorandum."); ECF No. 103 at 1 ("[T]he opposition shall be filed under the regular scheduled date of December 5, 2023.").  Although Hyundai is correct that the objections are untimely, the Court need not rely on the Smith Report or make findings of fact regarding the allegedly fraudulent scheme or the extent to which the defect affected the relevant model year Sonatas to rule on the motion for an injunction under the All Writs Act and thus the Court will not take

judicial notice of the Smith Report.

## III. MOTION TO SUPPLEMENT THE RECORD

After the hearing on Hyundai's motion for an injunction under the All Writs Act, Knight Motors moved to supplement the record, arguing that because "the Court *sua sponte* raised the possibility that the [Better Business Bureau ("BBB")] was the forum / remedy that should be applied," that Knight Motors should be allowed to file letters in which the BBB rejected Knight Motors' claims and an email correspondence between Hyundai and the BBB regarding Knight Motors' claims. ECF No. 119 ¶ 3. Hyundai opposes the motion, arguing that the supplementary materials are irrelevant to the legal question before the Court and Knight Motors' request to supplement the record is untimely. ECF No. 120 at 2.

The Court agrees with Hyundai. Knight Motors does not offer any explanation for why it could not have submitted this evidence when it filed its opposition to Hyundai's motion for an injunction under the All Writs Act. In fact, one of the documents that Knight Motors seeks to file is a document that it had filed in support of its opposition of Hyundai's motion to expedite proceedings on the motion for an injunction. *Compare* ECF No. 104-14, *with* ECF No. 119-3. Knight Motors argues that "the Court *sua sponte* raised the possibility that the BBB was the forum / remedy that should be applied," but the Court was merely inquiring about the practical effect of enjoining Knight Motors' counterclaims in Pennsylvania state court. The Court was not, as Knight Motors seems to suggest, inquiring about alternative forms of relief. Moreover, even if the Court were to consider the supplementary materials, they are irrelevant. What the BBB has done or will do regarding Knight Motors' claims against Hyundai is not relevant to whether the Court has retained exclusive jurisdiction to enforce the settlement agreement or whether an injunction of Knight Motors' counterclaims is appropriate under the All Writs Act. Accordingly, Knight Motors' motion to supplement the record, ECF No. 119, is DENIED.

## IV. LEGAL STANDARD

The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All Writs Act is limited

by the Anti-Injunction Act, which states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. If at least one of the three exceptions to the Anti-Injunction Act is met, then the Court has discretion to grant an injunction under the All Writs Act. *See Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 151 (1988) ("[T]he fact that an injunction *may* issue under the Anti-Injunction Act does not mean that it *must* issue."). When considering whether to enjoin state court proceedings, the Supreme Court and Ninth Circuit have cautioned that "any doubts as to the propriety of a federal injunction against state court proceedings will be resolved in favor of permitting the state courts to proceed, which means that we will uphold an injunction only on a strong and unequivocal showing that such relief is necessary." *Sandpiper Vill. Condo. Ass'n., Inc. v. Louisiana-Pac. Corp.*, 428 F.3d 831, 842 (9th Cir. 2005) (cleaned up) (first quoting *Atlantic Coast Line R.R. Co. v. Bhd. Of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970); then quoting *Bechtel Petroleum, Inc. v. Webster*, 796 F.2d 252, 253–54 (9th Cir. 1986)).

## V.   DISCUSSION

### A.   Judicial Estoppel

Knight Motors first argues that Hyundai's claims are barred by the doctrine of judicial estoppel because Judge Ranjan in the Western District of Pennsylvania concluded that he did not have jurisdiction. Opp. at 1–2. Hyundai responds that its argument for remand on the basis of a lack of diversity jurisdiction is not inconsistent with its position in this motion. *See* Reply at 1–2.

"[J]udicial estoppel 'is an equitable doctrine invoked by a court at its discretion.'" *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (quoting *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir. 1990)). "[I]ts purpose is 'to protect the integrity of the judicial process' by 'prohibiting parties from deliberately changing positions according to the exigencies of the moment.'" *Id.* at 749–50 (cleaned up) (first quoting *Edwards v. Aetna Life Ins. Co.*, 690 F.2d 595, 598 (6th Cir. 1982); then quoting *United States v. McCaskey*, 9 F.3d 368, 378 (5th Cir. 1993)). In determining whether judicial estoppel applies, courts typically consider the following nonexhaustive factors: (1) "[A] party's later position must be 'clearly inconsistent' with its earlier position";

6

(2) "[W]hether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled"; and (3) "[W]hether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Ah Quin v. Cnty. of Kauai Dep't of Transp.*, 733 F.3d 267, 270–71 (9th Cir. 2013) (quoting *New Hampshire v. Maine*, 532 U.S. at 750–51).

The Court finds that Hyundai's motion is not barred by the doctrine of judicial estoppel because Hyundai's position before Judge Ranjan was not inconsistent with its position in this motion. Hyundai argued that removal based on diversity jurisdiction was improper based on the forum defendant rule. *See* ECF No. 104-19 at 1. But that argument has nothing to do with whether an injunction under the All Writs Act is appropriate or whether this Court has exclusive jurisdiction over claims relating to the Settlement Agreement. Nor did Judge Ranjan accept a position inconsistent with Hyundai's arguments in the motion before this Court. Knight Motors points to portions of Judge Ranjan's analysis in which he rejected the argument that Hyundai's claims required construction of federal law because they might implicate the Settlement Agreement. *See* Opp. at 1–2. However, Judge Ranjan merely concluded that a settlement agreement is not a federal law for purposes of federal question jurisdiction. ECF No. 104-19 at 7–8. He did not analyze this Court's jurisdiction over the Settlement Agreement pursuant to the Final Order. Accordingly, the doctrine of judicial estoppel does not apply.

## B. All Writs Act and Anti-Injunction Act

As stated above, the Court's authority under the All Writs Act is limited by the Anti-Injunction Act. Therefore, the Court must first determine whether any of the three exceptions to the Anti-Injunction Act apply. If so, the Court then determines whether an injunction under the All Writs Act is appropriate. Hyundai argues only that the "necessary in aid of jurisdiction" and the relitigation exceptions apply. Mot. at 7–10.

### i. Necessary in Aid of Jurisdiction Exception

Hyundai argues that the necessary in aid of jurisdiction exception allows the Court to enjoin Knight Motors' counterclaims because those counterclaims request enforcement of the

1  Settlement Agreement over which the Court retained continuing and exclusive jurisdiction. Mot.
2  at 6–10. Knight Motors argues that this exception applies only when a court has exclusive
3  jurisdiction over an *in rem* fund and no such fund is at issue here. Opp. at 5–6. Knight Motors
4  also argues that the Court did not retain exclusive jurisdiction because it did not include the word
5  "exclusive" in the Final Order. *Id.* at 6–7. Hyundai responds that an *in rem* fund is not required
6  for an injunction to issue under the All Writs Act and that the Court did not need to use the term
7  "exclusive" for its continuing jurisdiction to be exclusive. Reply at 4.

8  Both the necessary in aid of jurisdiction exception and the relitigation exception "imply
9  that some federal injunctive relief may be necessary to prevent a state court from so interfering
10 with a federal court's consideration or disposition of a case as to seriously impair the federal
11 court's flexibility and authority to decide that case." *Atl. Coast Line R. Co. v. Bhd. of Locomotive
12 Engineers*, 398 U.S. 281, 295 (1970). However, "[t]he mere existence of a parallel action in state
13 court . . . does not rise to the level of interference with federal jurisdiction necessary to permit
14 injunctive relief under the necessary in aid of exception." *In re Lendingclub Sec. Litig.*, 282
15 F.Supp.3d 1171, 1191 (N.D. Cal. 2017) (quotations omitted) (quoting *Lou v. Belzberg*, 834 F.2d
16 730, 740 (9th Cir. 1987)). The Ninth Circuit has held that an injunction to protect an *in personam*
17 action under this exception "is justified only where a parallel state action threatens to render the
18 exercise of the federal court's jurisdiction nugatory." *Sandpiper*, 428 F.3d at 843–44 (quotations
19 omitted) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 806 (9th Cir. 2002)).

20 In this case, the Court's Final Order states that the Court "retain[ed] continuing
21 jurisdiction" over the implementation of the Settlement Agreement and the parties and class
22 members "for the purpose of construing, enforcing, and administering the Settlement Agreement."
23 Final Order ¶ 17; *see also* Settlement Agreement § VI.5 (stating that the Court would retain
24 jurisdiction to "protect, preserve, and implement" the Settlement Agreement). This language in
25 the Court's final order amounts to the retention of exclusive jurisdiction to enforce the Settlement
26 Agreement. *See Flanagan v. Arnaiz*, 143 F.3d 540, 545 (9th Cir. 1998) (holding that a similar
27 provision retaining jurisdiction retained exclusive jurisdiction despite the district court's omission
28 of the word "exclusive"). Knight Motors argues that the Court did not retain exclusive jurisdiction

8

because the word "exclusive" was excised from the Final Order. *See* Opp. at 6–7 (comparing ECF No. 57-2 at 24 (preliminary Settlement Agreement stating that "the Court may retain continuing and exclusive jurisdiction . . .") with Final Order ¶ 17 (stating that "the Court hereby retains continuing jurisdiction . . .")). Contrary to Knight Motors' assertion, the Court did not excise "exclusive" from the Final Order, and no part of the record indicates that the Court's retention of jurisdiction was not meant to be exclusive. The parties to the Settlement Agreement never litigated whether "exclusive" should or should not be included in the Court's Final Order and the final approval of the Settlement Agreement did not modify the "Continuing Jurisdiction" provision of the Settlement Agreement. *See* Settlement Agreement ¶ X.I.1. Moreover, as was the case in *Flanagan*, it would make no sense for the Court to retain continuing jurisdiction to construe, enforce, and administer the Settlement Agreement if that retention of jurisdiction was not exclusive and could be undermined by a state court interpreting the Settlement Agreement. *See Flanagan*, 143 F.3d at 545.

   To the extent that Knight Motors' counterclaims request that the state court interpret or enforce the Settlement Agreement, they frustrate this Court's continuing and exclusive jurisdiction to construe, enforce, and administer the Settlement Agreement. Final Order ¶ 17. When state court proceedings would interfere with a court's exclusive jurisdiction over a class action settlement agreement, the Ninth Circuit and other courts in the Northern District have held that injunctions under the All Writs Act are appropriate. *See, e.g.*, *Flanagan*, 143 F.3d at 545–46 (affirming an injunction of state court proceedings under the in aid of jurisdiction exception in which a party sued for breach of the class action settlement agreement over which the federal district court had exclusive jurisdiction); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. 15-MD-02672-CRB, 2023 WL 2600450, at *2 (N.D. Cal. Mar. 22, 2023) (enjoining a state court action in which a class member alleged that she opted out of a class action settlement finalized in federal court). Other circuits faced with similar circumstances have also affirmed injunctions of state court proceedings. *See, e.g.*, *Lorillard Tobacco Co. v. Chester, Willcox & Saxbe*, 589 F.3d 835, 846, 851 (6th Cir. 2009) (affirming an All Writs Act injunction of state court proceedings in which a class member's claims implicated provisions of a finalized class

action settlement agreement under the exclusive jurisdiction of the federal district court); *Battle v. Liberty Nat. Life Ins. Co.*, 877 F.2d 877, 882 (11th Cir. 1989) (affirming an All Writs Act injunction of state court proceedings that challenged the propriety of the federal district court's judgment in a class action). Accordingly, the Court will follow the weight of authority and conclude that the in aid of jurisdiction exception to the Anti-Injunction Act applies.

Knight Motors compares this case to *Sandpiper Village Condominium Association v. Louisiana-Pacific*. *See* Opp. at 7. In *Sandpiper*, the federal district court approved and adopted a class action settlement and retained exclusive and continuing jurisdiction over the administration and enforcement of the settlement. 428 F.3d at 834–35. A Minnesota corporation sued the defendants in Minnesota state court, bringing claims arising from the same facts at issue in the class action. *Id.* at 836–38, 844. The federal district court enjoined the action, finding that the in aid of jurisdiction and relitigation exceptions to the Anti-Injunction Act applied. *Id.* at 839. The Ninth Circuit reversed, finding that neither exception applied. *Id.* at 853. The Ninth Circuit found that the necessary in aid of jurisdiction exception did not apply because the Minnesota plaintiff was not a class member and did not raise claims that would implicate the class action settlement, and thus the state court action was merely a parallel action based on the same subject matter before the federal court. *Id.* at 844–46. This case is not like *Sandpiper*. Knight Motors concedes that it is a class member and thus a party to the Settlement Agreement. *See* ECF No. 99-3 at p. 27 ("[Knight Motors] [is an] intended Third Party-Beneficiar[y] and [is] included in the class in the Class Action Settlement Agreement . . ."); *id.* at p. 49 ("Counterclaim Plaintiffs were and remain members of the Class with regard to the Class Vehicles."); *id.* at p. 50 ("Counterclaim Plaintiffs were parties to the Settlement Agreement."). Similarly, most of Knight Motors' counterclaims directly implicate the Settlement Agreement. *See, e.g.*, ECF No. 99-3 at p. 52 ("Accordingly, temporary and/or permanent injunctive relief is also warranted and/or necessitated to cause and/or enforce compliance with the Recall and/or the Settlement Agreement."). As such, Knight Motors' counterclaims are more than just parallel state court claims based on the same subject matter as this case—they are requests that the state court interpret and enforce the Settlement Agreement in contravention of this Court's exclusive jurisdiction.

Finally, to the extent that Knight Motors suggests that an injunction under the in aid of jurisdiction exception applies only when a court administers an *in rem* fund, that assertion is incorrect. The Ninth Circuit has acknowledged that the in aid of jurisdiction exception extends to *in personam* actions. *See Sandpiper*, 428 F.3d at 843–44 (acknowledging that the necessary in aid of jurisdiction exception has been expanded to include *in personam* actions); *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 806 (9th Cir. 2002), *as amended on denial of reh'g* (May 15, 2002) (similar). Although the circumstances in which the in aid of jurisdiction exception applies to *in personam* actions are limited, those circumstances exist where a court retains exclusive jurisdiction over a class action settlement agreement. *See Lorillard Tobacco*, 589 F.3d at 848 (noting that a class action is analogous to an *in rem* proceeding "where it is intolerable to have conflicting orders from different courts"); *Battle*, 877 F.2d at 882 (noting that the class action settlement in that case "is the virtual equivalent of a res" (quotation marks omitted)).

### ii. Relitigation Exception

Hyundai's argument regarding the relitigation exception is the same as its argument in support of the necessary in aid of jurisdiction exception—namely that the Court retained continuing and exclusive jurisdiction over the Settlement Agreement and Knight Motors' counterclaims fall under the Settlement Agreement. *See* Mot. at 6–10. Knight Motors argues that the relitigation exception does not apply because the Court did not decide any substantive matters regarding whether particular vehicles qualified for an extended warranty, Knight Motors was not a party to the Settlement Agreement, and Knight Motors' counterclaims did not fall under the specific release in the Settlement Agreement. Opp. at 4–5. Hyundai replies that whether the Court decided substantive matters related to the Settlement Agreement misses the point because the Court retained jurisdiction to construe, enforce, and administer the Agreement. Reply at 3.

The relitigation exception permits a federal court to enjoin state proceedings "to protect or effectuate its judgments." 28 U.S.C. § 2283. "The relitigation exception was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court. It is founded in the well-recognized concepts of res judicata and collateral estoppel." *Chick Kam Choo*, 486 U.S. at 147. As such, the Ninth Circuit has held that the

11

"requirements of identity of the parties, . . . adequate notice, and adequate representation apply." *Sandpiper*, 428 F.3d at 847 (quoting *Frank v. United Airlines, Inc.*, 216 F.3d 845, 853 (9th Cir. 2000)).

The Court agrees with Knight Motors that the relitigation exception does not apply because the Court has never interpreted the Settlement Agreement nor has it addressed the particular questions that Knight Motors raises in its counterclaims. The Supreme Court has cautioned that "an essential prerequisite for applying the relitigation exception is that the claims or issues which the federal injunction insulates from litigation in state proceedings actually have been decided by the federal court." *Chick Kam Choo*, 486 U.S. at 148. Indeed, "this prerequisite is strict and narrow"—the Court cannot apply the relitigation exception by interpreting the Settlement Agreement for the first time or suggesting what a prior order was intended to say. *See id.* In summary, the Court's retention of continuing and exclusive jurisdiction is sufficient for the in aid of jurisdiction exception to apply, but it is not sufficient for the relitigation exception to apply. *Cf. Flanagan*, 143 F.3d at 546 (affirming an injunction under the relitigation exception where the state court would have considered claims that the Ninth Circuit decided in a previous appeal in the federal case). Accordingly, the Court concludes that the relitigation exception to the Anti-Injunction Act does not apply.

### iii. Whether and to What Extent an Injunction Is Appropriate

The Court next decides whether and to what extent an injunction under the All Writs Act is appropriate. "Whether to grant an injunction and the scope of such an injunction is assigned to the sound discretion of the district court." *Sonner v. Premier Nutrition Corp.*, 49 F.4th 1300, 1307 (9th Cir. 2022).

#### a. Irreparable Harm

The Court must first address whether an injunction under the All Writs Act must also meet the traditional requirements for injunctive relief. Knight Motors argues that Ninth Circuit authority is divided and there is a circuit split as to whether the traditional injunction requirements must be satisfied. Opp. at 2. Knight Motors further argues Hyundai has failed to show irreparable harm. *Id.* Hyundai responds that the Ninth Circuit is clear that the Court need not consider the

12

1   traditional injunction factors when determining whether an injunction under the All Writs Act is
2   appropriate, and Hyundai would satisfy the traditional requirements should they apply. Reply at
3   2–3.
4         The Court observes that Ninth Circuit precedent is not clear on whether any of the
5   traditional injunction requirements should apply. At least one district court has observed that the
6   "Ninth Circuit does not appear to require courts to examine the traditional requirements for
7   obtaining injunctive relief in order to issue such relief under the All Writs Act." *Flores v. Barr*,
8   407 F.Supp.3d 909, 930 n.16 (C.D. Cal. 2019), *aff'd in part, rev'd in part on other grounds sub*
9   *nom. Flores v. Rosen*, 984 F.3d 720 (9th Cir. 2020). Indeed, the Ninth Circuit rejected the
10  proposition that an All Writs Act injunction must consider the merits, stating that "[i]n several
11  prior cases, the Supreme Court has expressly disavowed any view of the merits when addressing a
12  party's request for an All Writs Act injunction." *Makekau v. State*, 943 F.3d 1200, 1204 (9th Cir.
13  2019). Although Knight Motors points to two Ninth Circuit decisions that considered irreparable
14  harm in the context of preliminary injunctions under the All Writs Act, neither decision required
15  the district court to consider irreparable harm. *See United States v. BNS Inc.*, 848 F.2d 945, 947
16  (9th Cir.), *supplemented*, 858 F.2d 456 (9th Cir. 1988); *Klaus v. Hi-Shear Corp.*, 528 F.2d 225,
17  231–32 (9th Cir. 1975). Similarly, *Flanagan* and *In re Volkswagen "Clean Diesel"*—the two
18  cases from the Ninth Circuit and the Northern District most like this case—did not consider
19  irreparable harm in affirming and granting All Writs Act injunctions. *See Flanagan*, 143 F.3d at
20  545–46; *In re Volkswagen "Clean Diesel"*, 2023 WL 2600450, at *2. The Court is further
21  persuaded by the reasoning of the Eleventh Circuit, which noted that "[t]he requirements for a
22  traditional injunction do not apply to injunctions under the All Writs Act because a court's
23  traditional power to protect its jurisdiction, codified by the Act, is grounded in entirely separate
24  concerns." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1100 (11th Cir. 2004). Accordingly,
25  the Court need not analyze whether Hyundai has shown irreparable harm.
26        b.   Agreeable to the Usages and Principles of Law
27        Knight Motors next argues that, even if an exception to the Anti-Injunction Act applies,
28  Hyundai's motion is barred because "it is not 'agreeable to the usages and principles of law.'"

Opp. at 10. In essence, Knight Motors argues that an injunction would offend principles of equity, comity, and federalism. *Id.* Knight Motors further argues that if its counterclaims in the state court action should be enjoined, then the class action settlement involving Hyundai Sonatas in the Central District of California should have been enjoined. *Id.* Hyundai responds that the class action settlement in the Central District to which Knight Motors refers involved different claims, and that Hyundai's motion is agreeable to the usages and principles of law because Hyundai properly sought relief in state court before asking this Court for an injunction. Reply at 5.

The Court finds that an injunction of Knight Motors' counterclaims would not offend the principles of equity, comity, and federalism. As stated above, the Court retained continuing and exclusive jurisdiction to construe, enforce, and administer the Settlement Agreement. Final Order ¶ 17. In fact, an injunction of Knight Motors' counterclaims would serve the principles of equity, comity, and federalism because it would protect the Court's exclusive jurisdiction. Moreover, the Court finds that Knight Motors' arguments regarding the settlement agreement in the Central District are not relevant to the Court's disposition of this motion. No party is requesting that the Court enjoin the settlement agreement in that case and the fact that such a settlement was reached in the Central District does not affect whether the Court has exclusive jurisdiction of the Settlement Agreement in this case or the authority to enjoin the counterclaims in Pennsylvania state court. Accordingly, the Court concludes that an injunction agreeable to the usages and principles of law.

c. Scope of the Injunction

The Court will exercise its discretion and enjoin some, but not all, of Knight Motors' counterclaims. The Court finds that five of Knight Motors' counterclaims—Counts I through V—request that the state court interpret or enforce the Settlement Agreement or would require the state court to do so in order to dispose of Knight Motors' claims. *See* ECF No. 99-3 at pp. 47–56 (counterclaims for fraud, breach of contract, anticipatory repudiation / breach of contract, intentional interference with prospective contracts / relations, and third-party beneficiary). As such, the Court will enjoin these counterclaims because they would interfere with the Court's exclusive jurisdiction to construe, enforce, and administer the Settlement Agreement.

14

1          However, the Court finds that two of Knight Motors' counterclaims—Counts VI and

2  VIII—do not require the state court to interpret or enforce the Settlement Agreement. Knight

3  Motors' Count VI is a quantum meruit claim. *See* ECF No. 99-3 at pp. 56–58. A quantum meruit

4  claim in Pennsylvania does not require a contract and instead requires that the plaintiff prove: (1) a

5  benefit conferred on defendant; (2) appreciation of such benefits by defendant; and (3) acceptance

6  and retention of such benefits such that it would be inequitable for the defendant to retain the

7  benefit without payment of value. *Limbach Co., LLC v. City of Philadelphia*, 905 A.2d 567, 575

8  (Pa. Commw. Ct. 2006). Although Knight Motors alleges that Hyundai incentivized Knight

9  Motors to act and that Knight Motors "acted in pursuant to a settlement agreement with Hyundai,"

10 the Pennsylvania state court's consideration of the quantum meruit claim does not require it to

11 construe or enforce the Settlement Agreement. *See* ECF No. 99-3 at pp. 56–58. Similarly, Knight

12 Motors' Count VIII is a claim for violations of 49 U.S.C. § 30116, which is a federal statute

13 imposing certain requirements on manufacturers and distributors when defects are discovered in

14 motor vehicles. *See* ECF No. 99-3 at pp. 61–64. The state court need not construe or enforce the

15 Settlement Agreement to determine whether Hyundai is in breach of its obligations under this

16 statute.

17         Accordingly, the Court will enjoin Counts I through V but will not enjoin Counts VI and

18 VIII.

19     **C.   Full Faith and Credit Clause**

20         Knight Motors argues that Hyundai's motion is barred by the Full Faith and Credit Act

21 because the Pennsylvania state court twice rejected Hyundai's argument that Knight Motors'

22 counterclaims should have been brought before this Court and the Pennsylvania state court's

23 decision is entitled to preclusive effect. Opp. at 9–10. Hyundai responds that the Pennsylvania

24 state court did not issue reasoned decisions in either of its two orders rejecting Hyundai's

25 argument and the two orders are interlocutory and not entitled to preclusive effect. Reply at 5.

26         "[U]nder the Full Faith and Credit Act a federal court must give the same preclusive effect

27 to a state-court judgment as another court of that State would give." *Parsons Steel, Inc. v. First*

28 *Alabama Bank*, 474 U.S. 518, 523 (1986). In Pennsylvania, "neither res judicata nor collateral

estoppel will preclude subsequent litigation if the prior action or ruling in question did not result in a final judgment." *In re Est. of Plance*, 175 A.3d 249, 270–71 (Pa. 2017).  Absent such a final judgment or decree, an interlocutory order, such as a denial of a motion to dismiss or a denial of summary judgment, does not have preclusive effect.  *See Creighan v. City of Pittsburgh*, 389 Pa. 569, 574 (Pa. 1957).  Because the Pennsylvania state court's orders are not final for purposes of res judicata and collateral estoppel, a Pennsylvania court would not give them preclusive effect, and this Court need not do so under the Full Faith and Credit Clause.

**VI.   ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant Hyundai Motor America, Inc.'s motion for a permanent injunction pursuant to the All Writs Act (ECF No. 99) is GRANTED IN PART and DENIED IN PART.  The Court hereby ENJOINS Knight Motors from bringing Counts I through V of its counterclaims in state court.

2. Knight Motors, LP, Doman Auto and Marine Sales, Inc., and Christopher D. Pantelis's motion to supplement the record (ECF No. 119) is DENIED.

Dated:  January 2, 2024

_____
BETH LABSON FREEMAN
United States District Judge