UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELIZABETH MENDOZA, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>HYUNDAI MOTOR COMPANY, LTD, et al.,<br><br>        Defendants. | Case No. 15-cv-01685-BLF<br><br>**ORDER DENYING MOTION TO CLARIFY**<br><br>[Re: ECF No. 122] |

Knight Motors, LP, Doman Auto & Marine Sales, Inc., and Christopher D. Pantelis (collectively "Knight Motors") submitted a motion to clarify the Court's order granting in part and denying in part Defendant Hyundai Motor America, Inc.'s motion for a permanent injunction under the All Writs Act. ECF No. 122. Hyundai opposes the motion. ECF No. 123.

For the reasons stated below, the Court DENIES the motion.

**I.   BACKGROUND**

The facts of this case are more thoroughly laid out in the Court's order granting in part and denying in part Hyundai's motion for a permanent injunction under the All Writs Act. *See* ECF No. 121 at 1–4. Accordingly, the Court will provide only an abbreviated summary here.

In August 2019, Hyundai filed an action against Knight Motors in the Court of Common Pleas of Allegheny County, Pennsylvania. *See* ECF No. 104-15. Hyundai's operative complaint alleges that Knight Motors engaged in a fraudulent scheme to exploit Hyundai's extended warranty on 2011 to 2014 Hyundai Sonatas. ECF No. 99-9 ¶ 9. Knight Motors counterclaimed, alleging Hyundai refused to accept Knight Motors' submissions of 2011 to 2014 Sonatas and that Hyundai engaged in conduct designed to avoid its obligations under the Class Action Settlement Agreement approved by the Court in this case. ECF No. 99-3 at pp. 32–47.

Hyundai filed a motion in this Court, seeking to enjoin Knight Motors' counterclaims from being brought in state court. *See* ECF No. 99. On January 2, 2024, the Court granted in part and denied in part Hyundai's motion. ECF No. 121. The Court found that Counts I through V of Knight Motors' counterclaims—which brought claims for "fraud, breach of contract, anticipatory repudiation/breach of contract, intentional interference with prospective contracts/relations, and third-party beneficiary"—required the state court to interpret or enforce the Settlement Agreement or would require the state court to do so in order to dispose of the claims. *Id.* at 14. The Court held that because this Court retained continuing and exclusive jurisdiction to construe, enforce, and administer the Settlement Agreement, the "necessary in aid of jurisdiction" exception to the Anti-Injunction Act applied and an injunction under the All Writs Act was appropriate. *Id.* at 7–11. Therefore, the Court enjoined Knight Motors from bringing Counts I through V of its counterclaims in the state court action. *Id.* at 16.

On January 3, 2024, Knight Motors filed a motion to conform pleadings to the evidence in the Pennsylvania state court, seeking to amend Counts IV and V[1] to raise claims that did not require the construction, enforcement, or administration of the Settlement Agreement. ECF No. 122-2. Knight Motors has not filed an amended counterclaim regarding Counts IV and V.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 60, a court may "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "[T]he clarification process presumes some legitimate need supporting relief, such as the existence of ambiguity or confusion that can be corrected with further explanation." *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co., Ltd.*, No. 16-cv-06370, 2020 WL 3892869, at *1 (N.D. Cal. July 10, 2020) (quoting *Padgett v. Loventhal*, No. 04-cv-03946, 2015 WL 13753300, at *1 (N.D. Cal. May 13, 2015)) (alteration in original). The Local

---

[1] Knight Motors suggests that Counts IV and V of its counterclaims are for fraud and intentional interference with contract. *See* ECF No. 122 at 2. However, Counts IV and V are for intentional interference with contract and "third-party beneficiary," respectively. *See* ECF No. 99-3 at pp. 52–56. Knight Motors' counterclaim for fraud is at Count I. *See id.* at pp. 47–49. This confusion does not change the Court's analysis in this Order.

2

1  Rules of this district do not require a party to seek leave to move for clarification.

2  **III.  DISCUSSION**

3  In Knight Motors' motion for clarification, it requests that the Court modify its order
4  granting in part and denying in part the injunction under the All Writs Act.  ECF No. 122 at 5.
5  Knight Motors argues that the Court's reasoning in the injunction order enjoined federal claims
6  while permitting state-law claims to proceed to the extent that they do not require the
7  interpretation, enforcement, or administration of the Settlement Agreement.  *Id.*  As such, Knight
8  Motors requests that the Court modify the injunction with respect to Counts IV and V such that
9  they are enjoined "*to the extent that* they require interpretation, enforcement and/or administration
10  of the *Mendoza* Agreement."  *Id.*  Hyundai opposes the motion, arguing that Knight Motors'
11  request is an inappropriate request for reconsideration, for which Knight Motors has not been
12  granted leave to file.  ECF No. 123 at 1–2.  Hyundai further argues that Knight Motors' argument
13  about the scope of the injunction could have been raised in Knight Motors' opposition to
14  Hyundai's motion for a permanent injunction and as such is not a valid basis for reconsideration
15  and is forfeited.  *Id.* at 3–4.  Finally, Hyundai argues that Knight Motors' requested clarification is
16  contrary to the Court's continuing and exclusive jurisdiction because it would allow the
17  Pennsylvania state court to determine the limits of this Court's retention of jurisdiction.  *Id.* at 5.

18  Federal courts are courts of limited jurisdiction whose power is restricted by the
19  Constitution to "cases" and "controversies."  *See Flast v. Cohen*, 392 U.S. 83, 94 (1968).
20  Consistent with this restriction, federal courts cannot issue an "advisory opinion"—that is, "an
21  opinion advising what the law would be upon a hypothetical set of facts."  *Preiser v. Newkirk*, 422
22  U.S. 395, 401 (1975).  That said, a federal court administering a permanent injunction has
23  discretion to clarify or modify an injunction "if a party enters upon transactions which raise doubts
24  as to the applicability of the injunction."  *Pac. Bioscience Lab'ys, Inc. v. Home Skinovations, Inc.*,
25  No. C15-0689JLR, 2017 WL 1179392, at *3 (W.D. Wash. Mar. 30, 2017) (cleaned up) (quoting
26  *Cornucopia Prod., LLC v. Dyson, Inc.*, No. CV12-0234-PHX-NVW, 2013 WL 12098786, at *1
27  (D. Ariz. June 20, 2013)); *see also Abelyan v. OneWest Bank*, No. CV 09-7163 CAS AGRX, 2011
28  WL 2357654, at *1 (C.D. Cal. June 13, 2011) (holding that an enjoined party can properly seek an

order from the court administering the injunction whether the injunction continues to be in effect); *Matter of Hendrix*, 986 F.2d 195, 200 (7th Cir. 1993) (noting a "person subject to an injunction always has the right to ask the court that is administering it whether it applies to conduct in which the person proposes to engage" and that such request is not for an advisory opinion).

As an initial matter, the Court does not find that its order enjoining Knight Motors from bringing Counts I through V of its counterclaims includes a mistake that requires correction or any ambiguity that requires clarification. As the Court's order made clear, the Court enjoined Knight Motors from bringing Counts I through V of its counterclaims because as those claims were pled, they "request[ed] that the state court interpret or enforce the Settlement Agreement or . . . require[d] the state court to do so in order to dispose of Knight Motors' claims." ECF No. 121 at 14. The Court did not, nor would it, parse the operative pleading to separate the permissible allegations from the impermissible allegations. It is the claim as a whole that is reviewed. Thus, the Court finds no basis to clarify its prior order.

Knight Motors motion is really a request that the Court issue a declaration that Knight Motors may amend its counterclaims such that they do not interfere with the Court's continuing and exclusive jurisdiction. However, the Court cannot consider Knight Motors' request as posed. Knight Motors requests a broad ruling from this Court that it "is not enjoined from bringing more limited, state law claims pursuant to Counts IV and V." For the Court to rule on such a generalized description of what Knight Motors intends to file in state court would be to issue an advisory opinion—a ruling on a hypothetical set of facts that is contrary to the Constitution's case and controversy requirement. *See Fed. Trade Comm'n v. Noland*, No. CV-20-00047-PHX-DWL, 2020 WL 6699484, at *3 (D. Ariz. Nov. 13, 2020) (noting that "the Court will not opine *ex ante* on the legality of a hypothetical business arrangement summarized by counsel in two pages of a motion" and suggesting that such an opinion would be advisory). Accordingly, Knight Motors' motion for clarification is DENIED.[2]

---

[2] Because the Court denies Knight Motors' motion on this basis, it need not address Hyundai's arguments that the motion is an improper request for reconsideration, that the argument is forfeited, and that the motion is contrary to the Court's exclusive jurisdiction. ECF No. 123 at 1–4.

1  The Court has great regard and respect for the Pennsylvania state court.  However, the
2 Court does not have the authority to offer an advisory opinion on how the Pennsylvania state court
3 is to proceed with a trial over which it presides.  The Court can only evaluate and enforce its own
4 order.

**IV.   ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that Knight Motors, LP, Doman Auto & Marine Sales, Inc., and Christopher D. Pantelis's Motion to Clarify (ECF No. 122) is DENIED.

Dated:  January 17, 2024

_____
BETH LABSON FREEMAN
United States District Judge